**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
              *Plaintiff-Appellee*,

v.

DARIUS LATRELL KING, AKA Darius
King,
              *Defendant-Appellant.*

No. 18-50122

D.C. No.
3:17-cr-00679-
MMA-1

OPINION

On Remand from the United States Supreme Court

Filed November 6, 2020

Before: Kim McLane Wardlaw and Andrew D. Hurwitz,
Circuit Judges, and Edward R. Korman,* District Judge.

Opinion by Judge Korman

---

\* The Honorable Edward R. Korman, United States District Judge
for the Eastern District of New York, sitting by designation.

## SUMMARY[**]

### Criminal Law

On remand from the Supreme Court for further consideration in light of *Rehaif v. United States*, 139 S. Ct. 2191 (2019), the panel affirmed a conviction for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g).

Applying *United States v. Johnson*, 2020 WL 6268027 (9th Cir. Oct. 26, 2020), the panel rejected the defendant's argument that his conviction should be vacated in light of *Rehaif* because the Government did not introduce any evidence that he knew of his status as a felon. The panel wrote that, as in *Johnson*: (1) plain-error review applies because the defendant did not object at trial to the omission of the knowledge-of status element of the offense; (2) the defendant's uncontroverted presentence report shows that he pleaded guilty to two felonies and served sentences of greater than one year for each; and (3) the defendant thus cannot prevail on plain-error review.

### COUNSEL

Joshua Jones, Federal Defenders of San Diego Inc., San Diego, California, for Defendant-Appellant.

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

Robert S. Brewer, Jr., United States Attorney; Daniel E. Zipp, Chief, Appellate Section, Criminal Division; United States Attorney's Office, San Diego, California; for Plaintiff-Appellee.

## **OPINION**

KORMAN, District Judge:

Darius King was charged with being a felon in possession of a firearm, 18 U.S.C. § 922(g). After King's suppression motion was denied, he agreed to a bench trial at which he stipulated to the following facts: (1) the relevant firearm had been transported in interstate commerce and (2) at the time of the alleged offense, King had been convicted of a felony. King also stipulated to the anticipated testimony of the various officers the Government would have called to prove he knowingly and constructively possessed the firearm. Based on these stipulations, which at the time satisfied the elements of the offense, the district court entered a judgment of conviction. We affirmed, concluding that the police had probable cause to arrest King and that the search of his wife's room was reasonable. *United States v. King*, 771 F. App'x 449 (9th Cir. 2019). The Supreme Court granted King's petition for a writ of certiorari, vacated our judgment, and remanded King's case to us "for further consideration in light of *Rehaif v. United States*, 588 U.S. —, 139 S. Ct. 2191, 204 L.Ed.2d 594 (2019)." 2020 WL 3146673 (U.S. June 15, 2020) (mem.).

On remand, King argues that his conviction should be vacated because the Government did not introduce any evidence that he knew of his status as a felon. We recently rejected that argument in *United States v. Johnson*, — F.3d

—, 2020 WL 6268027 (9th Cir. Oct. 26, 2020).  In *Johnson*, we held that plain-error review applies when the defendant fails to challenge the district court's omission of the "knowledge-of-status element now required under *Rehaif*." *Id.* at \*3.  We held that such a challenge is "best understood not as a challenge to the sufficiency of the evidence, but rather as a claim that the district court applied the wrong legal standard in assessing his guilt." *Id.*  Therefore, *United States v. Atkinson*, 990 F.2d 501 (9th Cir. 1993) (en banc), upon which King relies in urging de novo review, is inapplicable. *Johnson*, 2020 WL 6268027, at \*3. *Johnson* further held that, under plain-error review, we could look beyond the trial record in concluding that Johnson must have known of his status as a felon, because the uncontested presentence report demonstrated that Johnson had served prior prison sentences exceeding one year. *Id.* at \*5.  Given that fact, we affirmed his conviction on plain-error review because doing so did not seriously affect the fairness, integrity, or public reputation of judicial proceedings. *Id.*

*Johnson* resolves this case.  Like Johnson, King did not object at trial to the district court's omission of the knowledge-of-status element of the offense.  Plain-error review therefore applies.  And, as in *Johnson*, King's uncontroverted presentence report shows that he pleaded guilty to two felonies and served sentences of greater than one year for each.  Thus, King cannot prevail on plain-error review.

The judgment of conviction is therefore **AFFIRMED**.