**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   19-10277 |
| Plaintiff-Appellee, | D.C. No. |
| v. | 3:11-cr-00142-HDM-CBC-1 |
| CLIFTON JAMES JACKSON, | |
| Defendant-Appellant. | MEMORANDUM* |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   19-10278 |
| Plaintiff-Appellee, | |
| v. | D.C. No. |
| | 3:18-cr-00105-HDM-WGC-1 |
| CLIFTON JAMES JACKSON, | |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Howard D. McKibben, District Judge, Presiding

Argued and Submitted December 8, 2020
San Francisco, California

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: LUCERO,** W. FLETCHER, and IKUTA, Circuit Judges.

Defendant Clifton Jackson appeals his conviction and sentence for unlawful possession of a firearm, 18 U.S.C. § 922(g)(1). We have jurisdiction under 28 U.S.C. § 1291 and affirm.

1. *Rehaif v. United States*, 139 S. Ct. 2191 (2019), did not require the district court to vacate Defendant's unlawful firearm possession conviction. First, the indictment's omission of the element that defendant "knew he belonged to the relevant category of persons barred from possessing a firearm" in violation of 18 U.S.C. § 922(g)(1), did not deprive the district court of jurisdiction. *See United States v. Cotton*, 535 U.S. 625, 630 (2002) ("[D]efects in an indictment do not deprive a court of its power to adjudicate a case.").

---

** The Honorable Carlos F. Lucero, United States Circuit Judge for the U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

Second, Defendant's *Rehaif* challenge to the indictment and jury instructions fails plain error review.[1]  As this court noted in *United States v. King*, "*Johnson* resolves this case."  979 F.3d 1218, 1220 (9th Cir. 2020).  Pursuant to *United States v. Johnson*, 979 F.3d 632 (9th Cir. 2020), the panel may review the entire record on appeal.  The inquiry is "if the defendants' convictions were reversed and the prosecution or trial had to start over, [would] the outcome potentially be any different [?]" *Johnson*, 979 F.3d at 638.  Defendant cannot show that a non-defective indictment/instruction would have produced a different result.  The record on appeal contains evidence that the government could have introduced to prove that Defendant knew of his status as a convicted felon.  As in *Johnson* and

---

[1] Defendant argues the defective indictment constitutes structural error as it presents constitutional issues.  We disagree.  *See Neder v. United States*, 527 U.S. 1, 8 (1999) (noting that most "constitutional errors are harmless" and that errors are structural, and thus subject to automatic reversal, in a "very limited class of cases" (citation omitted)).  Because the errors of which Defendant complains are errors "in the trial process itself" and not "defect[s] affecting the framework within which the trial proceeds," this is not one of the "rare situations" that mandates a presumption of prejudice.  *Id.* at 9, 13 (citation omitted).

We also reject Defendant's argument, raised for the first time during oral argument, that Defendant preserved his *Rehaif* insufficiency challenge (and thus that we should review that issue *de novo*) by bringing a general Rule 29 motion below, even though that motion was not based on *Rehaif* or the knowledge-of-status issue he now raises.  *King*, 979 F.3d at 1219 ("[P]lain-error review applies when the defendant fails to challenge the district court's omission of the knowledge-of-status element now required under *Rehaif*." (quotation marks and citation omitted)).

*King*, Defendant's uncontroverted presentence report shows that at the time he possessed the firearm, he had already sustained four other felony convictions, one of which was a prior felon in possession charge. Defendant thus cannot plausibly argue that a jury would find he was unaware of his status.

2. Defendant was not deprived of his statutory or constitutional rights to a speedy trial. The Speedy Trial Act requires that a criminal trial commence within seventy days of a defendant's initial appearance or indictment. 18 U.S.C. § 3161(c)(1). Certain types of delays are excludable from the calculation. *Id.* § 3161(h). A judge may issue a speedy trial continuance, but no such continuance may be granted for "lack of diligent preparation or failure to obtain available witnesses on the part of the attorney for the Government." *Id.* § 3161(h)(7)(C). Defendant failed to show that the continuance was due to the government's lack of diligent preparation. To the contrary, the record shows that the government was "working extensively" to avoid a discovery delay, but encountered unavoidable bureaucratic hurdles outside of its control.

Defendant also has a "fundamental" right to a speedy trial under the Sixth Amendment. *Klopfer v. State of N.C.*, 386 U.S. 213, 223 (1967). The Supreme Court has established a four-part test to evaluate claims under the Sixth Amendment. *Barker v. Wingo*, 407 U.S. 514, 533 (1972). Here, the first *Barker*

4

factor, the length of the delay, is dispositive. Defendant's trial was delayed four-months. This is too short a delay to trigger a Sixth Amendment violation. *See United States v. Turner*, 926 F.2d 883, 889 (9th Cir. 1991).

3. The district court acted within its discretion when it allowed witnesses to testify about hearing shots fired. The evidence was relevant because it tended to prove that Defendant possessed a gun in violation of 18 U.S.C. § 922(g)(1). Likewise, the evidence was not unfairly prejudicial as its probative value was not substantially outweighed by the danger of unfair prejudice. *Cf. United States v. Espinoza-Baza*, 647 F.3d 1182, 1190 (9th Cir. 2011) (finding evidence unfairly prejudicial because the record did not contain necessary additional facts). Further, the evidence was not prohibited bad-act evidence. The evidence was related to the crime charged and part of the chain of events that led to Defendant's arrest and conviction. *See United States v. Daly*, 974 F.2d 1215, 1216 (9th Cir. 1992). Finally, admission of the evidence did not violate Defendant's Sixth Amendment confrontation rights. Defendant demonstrated through cross examination that the shots-fired evidence was inconsistent with other evidence in the case, and he was able to impeach the relevant witnesses.

4. The district court acted within its discretion by refraining from giving an *Allen* charge or declaring a mistrial. While the jury appeared deadlocked, there is

no per se requirement that a judge give an *Allen* instruction to a deadlocked jury. More important, there is no showing that the instructions the judge gave to the deadlocked jury were unduly coercive. *See United States v. Hernandez-Guardado*, 228 F.3d 1017, 1029 (9th Cir. 2000).

5. Sufficient evidence supports the felon-in-possession charge and the revocation of supervised release. First, the evidence at trial supported the jury's verdict that Defendant knowingly possessed the firearm—an eyewitness saw Defendant carrying a gun, heard shots fired, and then called 911. Second, the district court properly found that Defendant violated supervision by committing a new (and second) federal offense.

6. Because the district court did not err (or any errors were harmless), there was no cumulative error. *See United States v. Fernandez*, 388 F.3d 1199, 1256–57 (9th Cir. 2004).

7. The district court correctly increased Defendant's offense level under the Sentencing Guidelines. Defendant argues that *Rehaif* applies to the mens rea required for U.S.S.G. § 2K2.1(b)(4)'s stolen firearm enhancement. We recently reaffirmed the validity of U.S.S.G. § 2K2.1(b)(4) and held that it does not contain a scienter requirement. *See United States v. Prien-Pinto*, 917 F.3d 1155, 1156–61 (9th Cir. 2019). *Rehaif* does not affect *Prien-Pinto*'s holding.

8. The district court acted within its discretion when it imposed a supervised release risk notification condition. This court has already affirmed the use of the challenged condition. *See United States v. Evans*, 883 F.3d 1154, 1164 (9th Cir. 2018) (finding the condition constitutional); *United States v. Oseguera*, 793 F. App'x 579, 581 (9th Cir. 2020).

9. We remand for resentencing on the supervised release revocation. The Probation Officer mistakenly based the revocation range on a Criminal History Category IV and recommended a 12–18 month range. This mistake went unnoticed, and the district court adopted the guideline range and imposed an 18-month high-end consecutive sentence. The correctly calculated range should have been 8–14 months. Both parties agree that this court should remand for resentencing on the supervised release revocation. *See Rosales-Mireles v. United States*, 138 S. Ct. 1897, 1903 (2018).

We therefore affirm Defendant's conviction, vacate the supervised release violation sentence, and order a limited remand to allow the district court to resentence Defendant for the supervised release violation.

**AFFIRMED** in part, **VACATED** in part, and **REMANDED.**