NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JAN 22 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-10392 |
| Plaintiff-Appellee, | D.C. No. 3:14-CR-00412 |
| v. | MEMORANDUM* |
| VALENTINO JOHNSON, | |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Vince Chhabria, District Judge, Presiding

Argued and Submitted January 13, 2021
San Francisco, California

Before: BEA and M. SMITH, Circuit Judges, and RESTANI,** Judge.

Valentino Johnson appeals from his jury conviction of one count of possession

of a firearm after being convicted of "a crime punishable for a term exceeding one

year," 18 U.S.C. § 922(g)(1). Johnson argues that his conviction should be reversed

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Jane A. Restani, Judge for the United States Court of International Trade, sitting by designation.

1

in light of *Rehaif v. United States*, 139 S. Ct. 2191 (2019).[1]  We have jurisdiction under 18 U.S.C. § 3742 and 28 U.S.C. § 1291.  We affirm.

Under 18 U.S.C. § 922(g)(1), it is unlawful for any person "who has been convicted in any court of, a crime punishable for a term exceeding one year," to possess a firearm.  Recently, in *Rehaif*, the Supreme Court held that, to convict under § 922(g), the government must prove not only that the defendant had been convicted of "a crime punishable for a term exceeding one year" at the time he possessed a firearm, but also that the defendant *knew* he had been convicted of such a crime at the time of possession.  139 S. Ct. at 2200.[2]  Johnson argues for the first time on appeal that the indictment failed to allege, and the jury was not instructed to find, that he had such knowledge when he allegedly possessed a firearm.

Because Johnson did not raise this challenge to the district court, we review for plain error.  *See Singh*, 979 F.3d at 727–30.  "To establish plain error, Johnson must show that (1) there was an error, (2) the error is clear or obvious, (3) the error affected his substantial rights, and (4) the error seriously affected the fairness,

---

[1] Initially, Johnson also argued that his sentence should be vacated because the district court failed to resolve his factual challenges to the presentence report, in violation of Rule 32(i)(3) of the Federal Rules of Criminal Procedure.  However, Johnson moved to withdraw that issue from our consideration, which we granted on January 6, 2021.  *See* Dkt. Nos. 41–42.

[2] The government need not prove, however, that "the defendant knew his or her [felon] status prohibited firearm ownership or possession."  *United States v. Singh*, 979 F.3d 697, 727 (9th Cir. 2020).

integrity, or public reputation of judicial proceedings." *United States v. Lamar Johnson*, 979 F.3d 632, 636 (9th Cir. 2020). The Government disputes only the third and fourth prongs. Under those prongs, Johnson must show "a reasonable probability that, but for the error, the outcome of the proceeding would have been different." *United States v. Luong*, 965 F.3d 973, 989 (9th Cir. 2020). He also "must show that the district court's error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Lamar Johnson*, 979 F.3d at 636.

Here, the presentence report contains "overwhelming and uncontroverted" evidence that Johnson knew he had been convicted of "a crime punishable for a term exceeding one year" at the time he allegedly possessed a firearm, foreclosing any real probability of an acquittal. *See id.* at 637–39. Prior to the alleged offense, Johnson had been convicted of six felonies, four of which resulted in sentences greater than one year. "In light of the sentences imposed in his earlier cases, Johnson cannot plausibly argue that a jury . . . would find that he was unaware of his status as someone previously convicted of an offense punishable by more than a year in prison." *See id.* (affirming § 922(g)(1) conviction because presentence report described three prior qualifying convictions); *see also Luong*, 965 F.3d at 989 (affirming § 922(g)(1) conviction because defendant "had at least six prior felony convictions at the time he possessed the charged firearm, four of which resulted in prison sentences exceeding one year"); *United States v. King*, 979 F.3d 1218, 1220

3

(9th Cir. 2020) (affirming § 922(g)(1) conviction because "as in *Johnson*, [defendant]'s uncontroverted presentence report shows that he pleaded guilty to two felonies and served sentences of greater than one year for each"); *United States v. Benamor*, 937 F.3d 1182, 1189 (9th Cir. 2019) (holding that "the third and fourth prongs of the plain-error test are not met" because defendant "had been convicted of seven felonies in California state court, including three felonies for which sentences of more than one year in prison were actually imposed on him").  "Therefore, because [Johnson] fails to offer a plausible basis for concluding that an error-free retrial might end more favorably, he cannot show that the error affected his substantial rights or undermined the integrity of the proceedings in a way that warrants correction." *Singh*, 979 F.3d at 730.[3]

**AFFIRMED**.

---

[3] On January 9, 2021, Johnson filed citations of supplemental authorities pursuant to Rule 28(j) of the Federal Rules of Appellate Procedure.  *See* Dkt. No. 44.  Johnson noted that the Supreme Court had recently granted *certiorari* in the Eleventh Circuit case *Greer v. United States*, 19-8709, wherein the question presented is as follows: "Whether when applying plain-error review based upon an intervening United States Supreme Court decision, a circuit court of appeals may review matters outside the trial record to determine whether the error affected a defendant's substantial rights or impacted the fairness, integrity, or public reputation of the trial."  During oral argument, counsel conceded that the law of our circuit permits the consideration of such evidence.  *See King*, 979 F.3d at 1220 (explaining that "under plain-error review, we [may] look beyond the trial record in concluding that [the defendant] must have known of his status as a felon" where the presentence report is uncontested (citing *Lamar Johnson*, 979 F.3d at 638–39)).  However, notwithstanding the Supreme Court's ultimate decision in *Greer*, Johnson waived this argument by failing to raise it in his briefing.