UNITED STATES of America, Appellee,

v.

Roy McLEMORE, Jr., Appellant.

No. 93–1728.

United States Court of Appeals,
Eighth Circuit.

Submitted July 9, 1993.

Decided Sept. 20, 1993.

J. Michael Mayer, Des Moines, IA, argued, for appellant.

Ed Kelly, Asst. U.S. Atty., Des Moines, IA, argued, for appellee.

Before McMILLIAN, HANSEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

PER CURIAM.

Roy McLemore, Jr., appeals the twelve-month sentence imposed on him by the district court[1] after he pleaded guilty to escape from custody, a violation of 18 U.S.C. § 751(a). He argues the court erred in failing to excise prejudicial information from the presentence report (PSR), in failing to order the disclosure of confidential reports used in preparing the PSR, and in failing to grant him a seven-level reduction under U.S.S.G. § 2P1.1(b)(2) for voluntarily turning himself

1. The Honorable Harold D. Vietor, United States District Judge for the Southern District of Iowa.

in within ninety-six hours of his escape. We affirm.

■ Federal Rule of Criminal Procedure 32(c)(3)(D) provides that, as to each controverted matter in a presentence report, the court shall either make a finding as to the allegation or a determination that no such finding is necessary because the matter will not be considered in sentencing. Here, McLemore objected to all portions of the PSR that related to allegations of sexual abuse, including the summaries of police reports, doctors' reports, and other records. The district court made no findings in regard to these allegations, but complied with Rule 32(c)(3)(D) by stating that it would not consider any of the disputed information in sentencing McLemore. We disagree with McLemore's assertion that it was "evident" that the court considered the information by ordering the special conditions of his supervised release. There is no indication that the court imposed the conditions because of the allegations of sexual abuse. Furthermore, we agree with the government that the district court was not required to strike any portions of the PSR that it did not consider in sentencing McLemore. Rule 32(c)(3)(D) imposes no such requirement. *See United States v. Robertson*, 901 F.2d 733, 735 (9th Cir.), *cert. denied*, 498 U.S. 962, 111 S.Ct. 395, 112 L.Ed.2d 405 (1990); *United States v. Johnson*, 767 F.2d 1259, 1276 (8th Cir.1985) (court has no obligation to strike any material from PSR; it need only state that controverted matter will not be considered in sentencing).

■ We conclude the district court did not err in failing to order the disclosure of the probation officer's confidential report and the doctors' reports. Rules 32(c)(3)(A) and (B) permit the nondisclosure of information under certain circumstances. Under Rule 32(c)(3)(B), if the court believes there is information that should not be disclosed, it must give the defendant an oral or written summary of the factual information to be relied on in determining the sentence, and must give the defendant an opportunity to comment upon it. In this case, the court specifically stated that it would not rely on the information contained in the confidential reports. Thus, McLemore's right to a fair sentencing hearing was not violated.

■ Because McLemore failed to assert below that he was entitled to a seven-level sentencing reduction under Guidelines section 2P1.1(b)(2) instead of a four-level reduction under section 2P1.1(b)(3), we will not reverse the district court's four-level reduction unless there is plain error resulting in a fundamental miscarriage of justice. *See United States v. Williams*, 994 F.2d 1287, 1294 (8th Cir.1993); *United States v. Ragan*, 952 F.2d 1049, 1049 (8th Cir.1992). We find no such plain error in this instance. Section 2P1.1(b)(2) allows a seven-level reduction if a defendant escaped from non-secure custody and returned voluntarily within ninety-six hours. According to the parties' stipulation of facts, McLemore and the community corrections center where he was confined entered into a furlough agreement, whereby McLemore agreed to remain at all times, unless otherwise authorized, at his wife's residence. McLemore violated this agreement on the evening of October 24, 1992, when he left that residence without authorization. Thus, he was properly placed on escape status at that time rather than at the time he was due back at the corrections center the next day. He did not turn himself in until October 29, 1992, at 1:00 p.m., more than 96 hours after he was placed on escape status. There was no error in the calculation of the number of hours that McLemore was on escape status.

Accordingly, we affirm.