45 F.3d 433
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 Ralph PAYNE, also known as Alan Deekin, Appellant,
v.
UNITED STATES of America, Appellee.
 No. 93-3833.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: Dec. 9, 1994.
Filed: Jan. 5, 1995.
 
 Before MAGILL, LOKEN and ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Ralph Payne, a federal prisoner, appeals the district court's[1] denial of his 28 U.S.C. Sec. 2255 motion. We affirm.
 
 
 2
 Payne was convicted of making a false statement to a licensed dealer to obtain a firearm and being a felon in possession of a firearm. According to Payne's presentence report (PSR), Payne and his coconspirators purchased the firearms as props to disguise themselves as hunters and thereby give them an excuse to be near marijuana they were harvesting. The PSR indicated an adjusted base offense level of 16 pursuant to U.S.S.G. Sec. 2K2.1 (1990) for purchasing and using the firearms in conjunction with harvesting marijuana; a two-level increase for possessing a weapon during the related offense; a two-level increase for being the leader of a conspiracy involving fewer than five people; and a total offense level of 20. The PSR indicated a criminal history category of VI based on 13 criminal history points. The PSR reported-but did not count-crimes Payne committed over fifteen years before the instant offense, and marijuana-harvesting charges against Payne which were later dropped after forty pounds of marijuana seized was suppressed.
 
 
 3
 At Payne's November 1992 sentencing, the court calculated a total offense level of 20, and a criminal history category of V (rather than VI) based on 10 criminal history points (rather than 13). The court sentenced Payne to 78 months imprisonment and three years supervised release. No direct appeal was filed.
 
 
 4
 In July 1993, Payne moved to amend his PSR and correct his sentence under section 2255 and Fed. R. Crim. P. 32(c)(3)(D). He moved to strike the sections of his PSR referencing the marijuana harvesting because the marijuana seized was suppressed and the charges against him were subsequently dropped. He also requested that several of his prior convictions be removed from the PSR because the sentencing judge had found them constitutionally invalid for 18 U.S.C. Sec. 924(e) sentencing enhancement purposes under Boykin v. Alabama, 395 U.S. 238 (1969). He claimed that, as this information was invalid, irrelevant, and prejudicial in that prison officials would rely on it, it should be removed from his PSR.
 
 
 5
 On appeal, Payne moves to remand jurisdiction to the district court for correction of the judgment pursuant to Fed. R. Civ. P. 60(b)(6). Payne argues that the sentencing court should have calculated a total offense level of fourteen (a base offense level of 10 plus two two-level enhancements), based on the district court's determination of a "criminal history point total" of 10. We agree with the government that the court did not err in calculating Payne's offense level; rather, Payne is confused. The sentencing transcript makes it clear that Payne received 10 criminal history points for a criminal history category of V, and a base offense level of 16 (which, with two two-level enhancements, yielded a total offense level of 20). Because there was no error, there is no merit to Payne's arguments that his counsel was ineffective in failing to object to the calculation, and that the government breached its duty of fairness by failing to correct it.
 
 
 6
 As to Payne's contention that certain information should be removed from his PSR, the district court correctly observed that invalidated or old convictions-while not properly counted in the criminal history score-nonetheless may be considered in determining the adequacy of the defendant's criminal history, and therefore they are properly included in the PSR. See U.S.S.G. Sec. 4A1.2, comment. (nn.6 & 8); cf. United States v. Smith, No. 94-1962, slip op. at 6 (8th Cir. Nov. 16, 1994) (finding no error in district court's refusal to strike controverted material in PSR because Rule 32(c)(3)(D) does not require court to strike controverted material not considered in sentencing); United States v. McLemore, 5 F.3d 331, 332 (8th Cir. 1993) (per curiam) (district court not required by Rule 32(c)(3)(D) to strike any portions of PSR it did not consider in sentencing defendant). Concerning the information regarding the marijuana, the district court heard evidence and made factual findings that Payne used the weapons in conjunction with a marijuana harvesting operation and was the leader of a marijuana conspiracy. The case cited by Payne, Sellers v. Bureau of Prisons, 959 F.2d 307 (D.C. Cir. 1992), does not entitle Payne to have the information struck.
 
 
 7
 Finally, we decline to address Payne's unsupported claim-first raised on appeal and first argued in his reply brief-that counsel failed to file a timely notice of appeal despite having promised to do so. See Fritz v. United States, 995 F.2d 136, 137 (8th Cir. 1993), cert. denied, 114 S. Ct. 887 (1994); Parmenter v. FDIC, 925 F.2d 1088, 1093 (8th Cir. 1991).
 
 
 8
 Accordingly, the judgment is affirmed.
 
 
 
 [1]
 The Honorable Warren K. Urbom, Senior United States District Judge for the District of Nebraska