# United States Court of Appeals

### For the Eighth Circuit

_____

No. 15-3855

_____

United States of America

*Plaintiff - Appellee*

v.

Charles Schrader

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of South Dakota - Rapid City

_____

Submitted: October 21, 2016
Filed: February 2, 2017
[Published]

_____

Before RILEY, Chief Judge, WOLLMAN and BENTON, Circuit Judges.

_____

PER CURIAM.

Charles D. Schrader violated the conditions of his supervised release. He appeals only the district court's[1] refusal to redact the Supplemental Presentence

_____

[1]The Honorable Karen E. Schreier, United States District Judge for the District of South Dakota.

Investigation Report (PSR). Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

The government sought to revoke Schrader's supervised release for two reasons: (1) cocaine possession and (2) sexual assault. It later added (3) alcohol consumption. Before the hearing, the government announced it did not have and would not present evidence about allegations (1) and (2). Schrader presented evidence that the victim fabricated allegations (1) and (2). The district court granted Schrader's motion to seal both petitions, but refused to strike allegations (1) and (2). The court stated that Schrader did not have a right to amend the petitions because they were not his pleadings and were based on information at the time of filing. The court granted the government's motion to dismiss allegations (1) and (2).

The district court sustained two factual objections to the PSR paragraphs covering allegations (1) and (2). It, however, refused to redact or amend the paragraphs. The court emphasized that the hearing transcript and PSR would show that the objections were sustained, and that the judgment would show that allegations (1) and (2) were dismissed.

Schrader contends that the refusal to redact information about the alleged sexual assault was an abuse of discretion. *See United States v. McLemore*, 5 F.3d 331, 332 (8th Cir. 1993) (reviewing district court action on PSR challenges for compliance with Rule 32). *See also United States v. Asante*, 782 F.3d 639, 649 (11th Cir. 2011) (reviewing for abuse of discretion); *United States v. LeBlanc*, 762 F.2d 502, 505 (6th Cir. 1985) (same).

Federal Rule of Criminal Procedure 32 "does not require a court to strike controverted material not considered in sentencing. . . . The district court need only satisfy Rule 32." *United States v. Smith*, 40 F.3d 933, 936 (8th Cir. 1994). *See also United States v. Orchard*, 332 F.3d 1133, 1137 n.2 (8th Cir. 2003). Rule 32(d)(3)

excludes from a PSR, as relevant here, two types of information: "(A) any diagnoses that, if disclosed, might seriously disrupt a rehabilitation program; . . . and (C) any other information that, if disclosed, might result in physical or other harm to the defendant or others."

Schrader contends that the sexual-assault allegations will disrupt his rehabilitative program because a sexual offense will prevent his acceptance to many treatment centers. Schrader's argument never mentions "diagnoses," as required by Rule 32(d)(3)(A). Schrader offers only speculation that treatment centers will reject him due to unproven material. PSRs are generally confidential. *See United States v. Williams*, 624 F.3d 889, 894 (8th Cir. 2010). Only with a court order may a PSR be seen by anyone except the court, counsel, or defendant. *See* D.S.D. Crim. LR 32.1(B). Most important, the district court ensured that the judgment shows that the sexual-assault allegations were dismissed.

Schrader argues for the first time on appeal the potential of physical harm from the sexual-assault allegations. He offers no reasoning or supporting facts. Even if Schrader preserved this argument, alleging possible physical harm, without more, is too speculative to justify exclusion under Rule 32(d)(3)(C). *See United States v. Bartlett*, 416 F. Appx 508, 510 (6th Cir. 2011) (finding no violation of Rule 32 where the district court refused to strike sexual-abuse allegations and instead indicated it did not resolve their truth).

The district court followed Rule 32 in ruling on the disputed PSR paragraphs. Compliance with Rule 32 sufficiently alleviates any concern that others will rely on the unproven allegations. *See United States v. Hopkins*, 824 F.3d 726, 735 (8th Cir. 2016) (holding concerns that prison officials will rely on unfounded, detrimental PSR information are "met by a district court's compliance with Rule [32(i)(3)(B)]"). Because Rule 32 does not compel exclusion of the PSR paragraphs, the district court correctly refused to redact them.

* * * * * * *

The judgment is affirmed.

_____