**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee*,

v.

MANUEL GRIMALDO, AKA Manuel
Cuevas, AKA Manuel Grinaldo
Cuevas, AKA Manuel Grimaldo, Jr.,
AKA Manuel Cuevas Grimaldo,
*Defendant-Appellant*.

No. 19-50151

D.C. No.
8:16-cr-00164-
AG-1

ORDER AND
AMENDED
OPINION

Appeal from the United States District Court
for the Central District of California
Andrew J. Guilford, Senior District Judge, Presiding

Argued and Submitted October 6, 2020
Pasadena, California

Filed January 7, 2021
Amended April 12, 2021

Before: Milan D. Smith, Jr. and Kenneth K. Lee, Circuit
Judges, and Kathleen Cardone,[*] District Judge.

Opinion by Judge Lee

---

[*] The Honorable Kathleen Cardone, United States District Judge for
the Western District of Texas, sitting by designation.

## SUMMARY[**]

### Criminal Law

The panel granted the government's petition for rehearing, and amended its January 27, 2021, opinion that (1) affirmed the district court's refusal to strike arrest allegations in a presentence report, (2) vacated sentences for simple possession of methamphetamine and felon-in-possession of a firearm, and (3) remanded for resentencing.

In the amended opinion, the panel held that the defendant did not waive his challenge to the district court's four-level upward adjustment under U.S.S.G. § 2K2.1(b)(6)(B) for possession of a weapon in connection with another felony. Explaining that it is not self-evident that possessing a firearm emboldens a person to possess narcotics for personal use, the panel held that the district court plainly erred by failing to determine whether the defendant used or possessed the gun "in connection with" another felony offense. The panel therefore vacated the 120-month sentence on the felon-in-possession count and remanded for further consideration.

The government conceded that the defendant's 36-month sentence on the simple-possession count is illegal because it exceeds the applicable statutory maximum, and the parties agreed that the error is plain. The government asserted that because the illegal 36-month sentence ran concurrent to the 120-month sentence on the felon-in-possession count, the illegal sentence does not affect the

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

defendant's substantial rights. Because the panel remanded for resentencing on the felon-in-possession count, the panel—without deciding whether the defendant carried his burden of establishing that the illegal sentence affects his substantial rights—also exercised its discretion to vacate the 36-month sentence for the simple-possession count, and remanded the matter for resentencing.

Explaining that nothing in the plain text of Fed. R. Crim. P. 32 requires excluding from a presentence report prior arrests for which there was no conviction, the panel held that the district court did not abuse its discretion in denying the defendant's motion to strike portions of his presentence report.

**COUNSEL**

Devin Burstein (argued), Warren & Burstein, San Diego, California, for Defendant-Appellant.

Daniel S. Lim (argued) and Bram M. Alden, Assistant United States Attorneys; Brandon D. Fox, Chief, Criminal Division; Tracy L. Wilkison, Acting United States Attorney; United States Attorney's Office, Los Angeles, California; for Plaintiff-Appellee.

**ORDER**

Appellee's petition for rehearing (Dkt. No. 50) is **GRANTED**. The Opinion filed on January 7, 2021, is amended as follows:

On slip opinion page 7, lines 12–14, modify: <The district court plainly erred by failing to determine whether Grimaldo used the gun "in furtherance" of his methamphetamine possession,> to: <The district court plainly erred by failing to determine whether Grimaldo used or possessed the gun "in connection with" another felony offense.>

On slip opinion page 9, lines 20–21, modify: <But it is not self-evident that possessing a firearm emboldens a person to seek more narcotics,> to: <But it is not self-evident that possessing a firearm emboldens a person to possess narcotics for personal use.>

The Clerk shall file the amended opinion submitted with this Order. No further petitions for rehearing or rehearing en banc may be filed.

**OPINION**

LEE, Circuit Judge:

In this case, we recognize that possessing a firearm does not necessarily embolden a defendant to commit a felony and thus subject him to a sentencing enhancement.

Manuel Grimaldo, arrested with nearly a quarter pound of methamphetamine and an inoperable pistol on his person,

was found guilty of simple possession of methamphetamine and pled guilty for felon-in-possession of a firearm. The district court sentenced him to 120 months after adopting a four-level enhancement for possession of a weapon in connection with another felony (*i.e.*, simple possession). He now appeals under 18 U.S.C. § 3742.

We hold that the district court erred in concluding that Grimaldo's pistol emboldened him to possess methamphetamine. The district court made no findings that Grimaldo's firearm made his drug possession more likely. We also vacate the concurrent 36-month sentence for the possession count because the parties agree that the district court erred in exceeding the maximum applicable sentence. We remand these two issues to the district court for further proceeding.

**BACKGROUND**

In June 2016, detectives with the Buena Park Police Department's Community Impact Team monitored the Days Inn Motel, locally known as a vibrant hub for narcotics transactions and prostitution. The officers witnessed two men exit the motel and drive away in a Chevy Tahoe. Officers discovered that the vehicle's registration had expired, and that the registered owner's license was either suspended or revoked. They pursued and stopped the vehicle, and questioned both the driver and the passenger, Manuel Grimaldo. In response, Grimaldo revealed that he possessed a loaded pistol. A subsequent pat-down revealed a large plastic bag containing about 107 grams of methamphetamine — nearly a quarter pound. A subsequent search of Grimaldo's room at the motel revealed a digital scale as well as glass pipes, the interiors of which were coated in a white substance.

One of the arresting officers tried to clear the gun's chamber, then-containing two bullets, in preparation for transport. The gun's slide, however, would not function. He then took it to the police range for further examination, at which point he discovered "an unknown residue throughout the inside of the handgun that gummed everything up." That rendered the weapon virtually inoperable.

Several months later, federal prosecutors indicted Grimaldo on three counts: Count 1 — possession with intent to distribute methamphetamine under 21 U.S.C. § 841 (a)(1); Count 2 — possession of a firearm in furtherance of a drug trafficking crime under 18 U.S.C. § 924(c); and Count 3 — felon in possession of a firearm under 18 U.S.C. § 922(g)(1).

In November 2018, Grimaldo entered a guilty plea to Count 3 (felon-in-possession) and proceeded to trial on Counts 1 and 2. Grimaldo argued that he never intended to sell any of his drugs. To the contrary, he claimed that his quarter pound of meth was for personal consumption. Although the jury acquitted Grimaldo on Count 2 (possession of a firearm in furtherance of a trafficking offense), it convicted him of simple possession of methamphetamine under 21 U.S.C. § 844(a), a lesser included offense on Count 1.

The February 2019 Presentence Report (PSR) produced a total offense level of 26 and a Sentencing Guidelines range of 120–150 months. The PSR also recommended a 36-month term for Count 1. But under 21 U.S.C. § 844(a), simple possession is limited to a statutory maximum sentence of 12-months. One "prior conviction for any drug, narcotic, or chemical offense" will increase the statutory maximum to 24-months, and a second will increase it to 36-months. *Id*. For the statutory increases to apply, the

government must file an information alleging the prior convictions under 21 U.S.C. § 851. The government's information, however, alleged only one predicate conviction. Grimaldo also objected to Paragraphs 57–61 of the PSR, which documented prior arrests that did not lead to convictions.

At sentencing, the district court denied Grimaldo's request to strike from the PSR the paragraphs detailing some of his prior arrests. The court also adopted the Guidelines range in the PSR, including a four-level enhancement under U.S.S.G. § 2K2.1(b)(6)(B) for possession of a weapon in connection with another felony. The court sentenced Grimaldo to 120 months on Count 3. It also sentenced him to 36 months on Count 1, running concurrently with his other sentence.

Grimaldo timely appealed. We have jurisdiction under 28 U.S.C. § 1291.

## STANDARD OF REVIEW

Because Grimaldo did not preserve his sentencing challenges at the district court, we review for plain error. *United States v. Valenzuela*, 495 F.3d 1127, 1130 (9th Cir. 2007). Reversal "is warranted only where there has been (1) error; (2) that is plain; (3) that affects substantial rights; and (4) where the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Pelisamen*, 641 F.3d 399, 404 (9th Cir. 2011) (citing *United States v. Olano*, 507 U.S. 725, 732–37 (1993)). Even so, reversal remains discretionary. *See United States v. Cotton*, 535 U.S. 625, 631 (2002).

We review for abuse of discretion a district court's decision to deny a request to modify a presentence report.

*See United States v. Hardesty*, 958 F.2d 910, 915 (9th Cir. 1992).

## ANALYSIS

### I. The district court plainly erred by failing to determine whether Grimaldo used or possessed the gun "in connection with" another felony offense.

At sentencing, the district court adjusted Grimaldo's Guideline range four levels upwards under U.S.S.G. § 2K2.1(b)(6)(B). Grimaldo claims that this constitutes plain error. We agree, and vacate and remand to the district court for further consideration.

#### A. Grimaldo did not waive his challenge to the Guidelines calculation.

In the first place, the government contends that Grimaldo's repeated agreement to the enhancement constitutes waiver, precluding him from challenging it. "Waiver is different from forfeiture. Whereas forfeiture is the failure to make the timely assertion of a right, waiver is the 'intentional relinquishment or abandonment of a known right.'" *United States v. Olano*, 507 U.S. 725, 733 (1993) (citations omitted). The government maintains that Grimaldo "made a strategic decision not to contest" the enhancement, "agreed to that enhancement in his sentencing brief," and "reiterated his agreement [to its inclusion] six times." But Grimaldo responds that any "strategic" or "tactical" decision would have been "nonsensical." We agree. The government attempts to raise mountains from molehills, but nothing in the record erects an insurmountable barrier to appellate review.

In determining whether waiver occurred, we look to the defendant's knowledge of the error and whether he or she sought to exploit it for a tactical advantage. *See United States v. Perez*, 116 F.3d 840, 844–45 (9th Cir. 1997) (en banc) (holding that a defendant did not waive his right to appeal an erroneous jury instruction, despite counsel's affirmative agreement to it at trial, because there was no "evidence in the record that the defendant . . . considered the controlling law . . . and, in spite of being aware of the applicable law, proposed or accepted a flawed instruction"); *United States v. Jiminez*, 258 F.3d 1120, 1124 (9th Cir. 2001) (recognizing that failure to object to a district court's finding of a prior aggravated felony, but confirming the accuracy of a PSR, "is not sufficient to wa[i]ve the right to appeal," and that there must be evidence that the defendant was either aware of controlling law,  or otherwise sought to use it for tactical gain).

Grimaldo agreed that application of the four-level enhancement was legitimate; indeed, he agreed many times. But the record, reasonably read, reflects no knowledge of contrary law — let alone strategic maneuvering.  And it supports no conclusion that Grimaldo, or his counsel, made these decisions for tactical advantage.  We thus exercise our discretion to proceed to the merits.

## B. The district court plainly erred by applying the four-level enhancement.

For the four-level enhancement to apply, the government "must show that the firearm was possessed in a manner that permits an inference that it facilitated or potentially facilitated — *i.e*, had some potential emboldening role in — a defendant's felonious conduct." *United States v. Routon*, 25 F.3d 815, 819 (9th Cir. 1994).  The government argues that Grimaldo's possession of a firearm emboldened his

possession of narcotics.  This position is not frivolous.  *See United States v. Bishop*, 940 F.3d 1242, 1253 (11th Cir. 2019) (opining that "under some circumstances a small quantity of drugs may be more valuable to an addict whose actions are motivated by desperation than a larger quantity may be to someone who is in the business of trafficking drugs . . . [this] could actually weigh in favor of . . . a finding that the defendant's firearm has the potential to facilitate his drug possession").  Grimaldo admitted to keeping guns around to help ameliorate his drug-induced paranoia.

But it is not self-evident that possessing a firearm emboldens a person to possess narcotics for personal use.  As Grimaldo assures us, for emboldening drug possession, addiction alone may suffice.  The district court needed to make factual findings connecting Grimaldo's possession of a firearm with his likelihood of owning illegal narcotics.  *See United States v. Polanco*, 93 F.3d 555, 565–66 (9th Cir. 1996) (requiring "proof of a 'connection' between the use or possession of the firearm and the underlying offense").  It never did that.  Absent such a finding, a defendant found with a firearm could face this four-level enhancement for virtually any felony because a firearm theoretically may embolden him or her to commit a crime.  But in imposing enhancements under the Guidelines, we cannot be swayed by speculation or convinced by conjecture.  *See United States v. Noster*, 590 F.3d 624, 635 (9th Cir. 2009) (explaining that "[t]he government bears the burden of producing sufficient evidence that the defendant intended to use or possessed the firearm in connection with a specifically contemplated felony"); *Bishop*, 940 F.3d at 1252 (holding "that mere proximity between a firearm and drugs possessed for personal use cannot support the § 2K2.1(b)(6)(B) enhancement without a finding that the gun facilitated or had the potential to facilitate the defendant's drug possession");

*United States v. Blankenship*, 552 F.3d 703, 705 (8th Cir. 2009) (explaining that "[i]f the underlying drug offense is for simple possession, the district court may still apply the adjustment, but *only after making a finding that the firearm facilitated the drug offense*") (emphasis added).

The government relies on our decision in *United States v. Routon*, but that case is distinguishable. 25 F.3d 815, 819 (9th Cir. 1994). In that case, we reviewed for clear error whether the four-level enhancement properly applied to an interstate car thief found in possession of a gun. We held that the enhancement was proper for two reasons: the defendant (1) brought the gun with him "whenever he rode in the [stolen] car," and (2) "he also kept it within a short distance" when driving. *Id*. Stealing a car invites the risk that the owner, let alone the police, will seek to repossess it. While a gun does not mitigate the risk — in fact, it may heighten it — it helps remove barriers. But the district court never found that Grimaldo used his firearm for such a purpose. We thus conclude that the government failed to prove that possessing a gun emboldened Grimaldo's possession of narcotics.[1]

---

[1] The government argues that the district court could have considered acquitted conduct in sentencing under a preponderance of the evidence standard. *United States v. Watts*, 519 U.S. 148, 149, 157 (1997) (per curiam). Although the jury acquitted Grimaldo of drug trafficking, the record contains suggestive evidence, as he was found with a substantial amount of meth and $2,500 in cash, along with a digital scale stashed in his motel room. The district court, however, excluded much of that evidence at trial. Such evidence may well suffice to establish that Grimaldo was engaging in methamphetamine trafficking. But the district court never made any consistent findings, and we will not decide this issue on appeal.

We vacate the 120-month sentence and remand for further consideration.

## II. We exercise our discretion and remand for resentencing on Count 1 because the district court imposed an illegal sentence.

Grimaldo also challenges the 36-month sentence for simple possession running concurrent to his 120-month sentence for possessing a firearm as a felon. The government concedes that Grimaldo's 36-month sentence is illegal because it exceeds the applicable statutory maximum. But it counters that because the illegal sentence ran concurrent to Grimaldo's longer, valid 120-month sentence, it does not affect his substantial rights. The district court plainly erred.

Grimaldo and the government agree that his sentence constitutes error, and that the error is plain. We concur. An illegal sentence is one "in excess of the permissible statutory penalty for the crime." *United States v. Fowler*, 794 F.2d 1446, 1449 (9th Cir. 1986). Imposition of a sentence exceeding a statutory maximum constitutes plain error. *See United States v. Guzman-Bruno*, 27 F.3d 420, 423 (9th Cir. 1994). Grimaldo was convicted of simple possession of methamphetamine under 21 U.S.C. § 844(a). The statute authorizes a sentence for possession of methamphetamine for a term of "not more than 1 year," increasing to two years if a defendant has one "prior conviction for any drug, narcotic, or chemical offense," and again to three years if he or she has two or more applicable priors. 21 U.S.C. § 844(a).

To authorize an increase in the maximum penalty, 21 U.S.C. § 851 requires the government to file an information alleging these prior convictions for any "offense under this part." 21 U.S.C. § 851(a)(1). This, in turn,

governs increases under 21 U.S.C. § 844(a). Yet the government filed an information alleging only a single prior conviction. Even still, the parties dispute whether Grimaldo faced a 12-or-24-month maximum sentence. Either way, the sentence imposed exceeded the relevant statutory maximum. *See United States v. Goodbear*, 676 F.3d 904, 912 (9th Cir. 2012) (holding that the district court plainly erred by imposing a sentence in excess of the statutory maximum).

Still, to prevail under plain error review, Grimaldo must establish that the illegal sentence affects his "substantial rights" and "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *See Olano*, 507 U.S. at 732–37. Grimaldo implores us to declare that any illegal sentence violates a defendant's due process rights, therefore degrading the entire judicial process. He further contends that he faces a substantial risk of prejudice, should he recidivate, because Congress could, in the future, change the Guidelines to treat his concurrent sentences as separate ones when calculating Criminal History Points. Yet, the government argues that, because Grimaldo's possession sentence exceeds the concurrent illegal sentence, his liberty, and any other substantial rights, are unaffected. Likewise, it reminds us that Grimaldo's prejudice argument rests on speculative and attenuated grounds.

We need not decide whether Grimaldo has carried his burden. Because we remand this case for resentencing on the Guidelines calculation, we also exercise our discretion to vacate the 36-month sentence under Count I, and remand the matter to it for resentencing. *See Bayless v. United States* 347 F.2d 354, 356 (9th Cir. 1965) (vacating and remanding for reconsideration, sua sponte, the shorter of two improper sentences).

## III. The district court acted appropriately in denying Grimaldo's motion to strike portions of the Presentence Investigation Report.

Finally, Grimaldo argues that the district court erred by not striking certain arrest allegations in the PSR. We review for abuse of discretion a district court's decision to deny a request to modify a presentence report. *See Hardesty*, 958 F.2d at 915. Finding none, we affirm.

Congress writes the law, and we apply it. Under Federal Rule of Criminal Procedure 32(d)(2)(A)(i), a "presentence report must also contain . . . the defendant's history and characteristics, including: (i) any prior criminal record." On the other hand, the catch-all provision in Rule 32(d)(3)(C) requires the PSR's exclusion of "any information that, if disclosed, might result in physical or other harm to the defendant or others." Nothing in the plain text of the rule requires exclusion of prior arrests for which there was no conviction. *See United States v. Schrader*, 846 F.3d 1247, 1248 (8th Cir. 2017) (per curiam) (affirming the district court's refusal to strike sexual assault allegations because "Rule 32 does not compel [their] exclusion"); *United States v. Asante*, 782 F.3d 639, 649 (11th Cir. 2015) (holding that "even if the rules do not *require* the PSR to contain the information [in the relevant section] the district court had discretion to include it" because it did not fit into any of the "three narrow categories of information" properly excluded from it).

Indeed, 18 § U.S.C. 3553(a)(1) mandates that courts "shall consider . . . the nature and circumstances of the offense and the history and characteristics of the defendant." Simultaneously, 18 U.S.C. § 3661 prohibits any "limitation . . . placed on the information concerning the background, character, and conduct of a person convicted of an offense

which a court of the United States may receive and consider for the purpose of imposing an additional sentence." We need not opine on whether Rule 32(d)(1)(A)(i) requires the inclusion of past arrests for which there was no conviction.[2] Instead, we hold that a district court does not abuse its discretion by refusing to strike past arrests that did not result in convictions.

## CONCLUSION

We **AFFIRM** the district court's refusal to strike arrest allegations in the PSR. We **VACATE** the 36-month and 120-month sentences for Counts 1 and 3, respectively, and **REMAND** for further consideration.[3]

---

[2] We note, however, that other courts have. *See, e.g.*, *United States v. Rodriguez-Reyes*, 925 F.3d 558, 561 (1st Cir. 2019) (noting that the "PSR also listed, *as required* six arrests which did not lead to convictions") (emphasis added); *United States v. Warren*, 737 F.3d 1278, 1281 n.4 (10th Cir. 2013) (explaining that PSRs "must include 'any prior criminal record' of a defendant") (citing Fed. R. Crim. P. 32(d)(2)(A)(i)).

[3] We also **DENY** Grimaldo's pending motion to strike the government's Rule 28(j) letter.