[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 21-11144

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

CLEOPHUS MCCASKILL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 3:19-cr-00165-BJD-PDB-1

_____

Before Jordan, Luck, and Brasher, Circuit Judges.

PER CURIAM:

Cleophus McCaskill appeals his 108-month sentence for one count of possession of firearms by a convicted felon. He argues that the district court clearly erred when it imposed a four-level enhancement under U.S.S.G. § 2K2.1(b)(6)(B) for possessing firearms in connection with another felony offense. According to Mr. McCaskill, the district court did not adequately find that he engaged in another felony offense, and the evidence did not indicate that it was more likely than not that the firearms were either connected to drug trafficking, another felony, or had the potential to facilitate another felony. After careful review of the parties' briefs and the record, we affirm.

I

We assume the parties' familiarity with the facts and procedural history and set out only what is necessary to explain our decision. As to issues not discussed, we summarily affirm.

A

On March 17, 2019, during a lawful search of Mr. McCaskill's vehicle, Putnam County Sheriff's Office deputies found a pill bottle containing two baggies of eutylone (a Schedule I controlled substance), an insulated lunch box containing 53.61 grams of marijuana, a scale with residue, and empty baggies. Deputies also found three firearms in two separate locations in-

side of the vehicle: a loaded Taurus .38 caliber revolver in a small purse in the front passenger seat area, and, in a duffle bag in the backseat, a Zastava 7.62mm caliber pistol with a high-capacity, 30-round magazine loaded with 19 rounds, and a loaded Rossi .357 caliber pistol with an obliterated serial number. The duffel bag also contained a substance used to mask odors.

Mr. McCaskill was charged in Putnam County Circuit Court with seven separate offenses, including possession of meth-amphetamine with intent to sell, possession of cannabis with in-tent to sell, and possession of drug paraphernalia. All charges were dropped or dismissed.

**B**

Mr. McCaskill was later federally indicted and, in Decem-ber 2020, pled guilty to possession of a firearm by a convicted fel-on, in violation of 18 U.S.C. § 922(g). Before sentencing, the pro-bation office prepared a presentence investigation report (PSR) detailing the offense conduct. The PSR further detailed Mr. McCaskill's "offender characteristics." It noted that "[Mr. McCaskill] stated that he last used marijuana in approximately 1990" and that he "denied ever using any additional illegal drugs." PSR at ¶¶ 77–80. The PSR recommended that the district court determine that Mr. McCaskill's total offense level was 29 and his criminal history category was III, which resulted in an advisory guidelines range of 108 to 135 months' imprisonment. *Id.* at ¶¶ 30, 46, 87. This included a four-level increase under U.S.S.G. §

2K2.1(b)(6)(B), because "[Mr. McCaskill] possessed the firearms in connection with drugs (*i.e.*[,] drug trafficking)." *Id.* at ¶ 22.

## C

At his sentencing hearing, Mr. McCaskill objected to the application of the § 2K2.1(b)(6)(B) enhancement. He argued that *United States v. Grimaldo*, 993 F.3d 1077, 1082 (9th Cir. 2021), and *United States v. Bishop*, 940 F.3d 1242, 1252 (11th Cir. 2019), "indicate something more than mere presence and mere possession" is necessary to satisfy "the 'in connection with' language" that triggers the § 2K2.1(b)(6)(B) enhancement. *See* D.E. 99 at 6.

The government responded by pointing the district court to Application Notes 14(A) and 14(B) to § 2K2.1(b)(6)(B), which make clear that the enhancement applies if the firearm "had the potential of facilitating[ ]another felony offense" and "is found in close proximity to drugs . . . or drug paraphernalia." *Id.* at 8–9. The government also cited *United States v. Martinez*, 964 F.3d 1329, 1338 (11th Cir. 2020), which holds that "the 'in connection with' element is relaxed somewhat if the other felony offense is a drug trafficking offense."

The district court overruled Mr. McCaskill's objection, and explained its reasoning as follows: "I do believe that the sentencing guidelines application note, as well as the *Martinez* case, do contemplate the specific offense characteristic enhancement that has been calculated in these guidelines regarding the proximity of firearms and controlled substances at the time of Mr. McCaskill's

arrest." D.E. 99 at 11. The district court later noted that the enhancement applied "[b]ecause the firearms were involved with the possession of controlled substances." *Id.* at 14. Ultimately, the district court "concluded that the guidelines [were] accurately calculated" in the PSR and "adopt[ed] them to use in connection with the fashioning of a sentence in connection with [Mr. McCaskill's] crimes." *Id.* at 15. Later in the hearing, the district court noted that the "intersection of drugs and guns creates tragedy almost without exception" and that the high-capacity magazine found in Mr. McCaskill's possession "screams" and "portends violence." *Id.* at 49, 50–51. The district court then sentenced Mr. McCaskill to 108 months' imprisonment, to be followed by 24 months of supervised release.

## II

A district court's finding that a firearm was possessed "in connection with" another felony offense is a factual finding that we review for clear error. *See United States v. Bishop*, 940 F.3d 1242, 1250 (11th Cir. 2019). Factual findings are clearly erroneous when, although there is evidence to support them, we, based on the record as a whole, "[are] left with the definite and firm conviction that a mistake has been committed." *United States v. Barrington*, 648 F.3d 1178, 1195 (11th Cir. 2001) (quotation marks omitted). "Where a fact pattern gives rise to two reasonable and different constructions, the factfinder's choice between them cannot be clearly erroneous." *United States v. Almedina*, 686 F.3d 1312, 1315 (11th Cir. 2012) (quotation marks omitted).

## III

## A

The burden is on the government to show by a preponderance of the evidence that a sentencing enhancement applies. *See United States v. Dimitrovski*, 782 F.3d 622, 629 (11th Cir. 2015). Under the preponderance of the evidence standard, the trier of fact must believe that the existence of a fact is more probable than not. *Almedina*, 686 F. 3d at 1315. "A district court's factual findings used to support a sentencing enhancement must be based on reliable and specific evidence and cannot be based on speculation." *United States v. Newman*, 614 F.3d 1232, 1238 (11th Cir. 2010).

"The findings of fact of the sentencing court may be based on evidence heard during trial, facts admitted by a defendant's plea of guilty, undisputed statements in the [PSI], or evidence presented at the sentencing hearing." *United States v. Wilson*, 884 F.2d 1355, 1356 (11th Cir. 1989). *See also United States v. Beckles*, 565 F.3d 832, 843–44 (11th Cir. 2009) (holding that a district court may base its factual findings on undisputed facts in the PSR). Facts in the PSR are undisputed and deemed to have been admitted unless a party objects to them before the sentencing court with specificity and clarity. *See id.*

## B

Under U.S.S.G. § 2K2.1(b)(6)(B), a court should add four levels to a defendant's base offense level if he used or possessed

any firearm or ammunition in connection with another felony offense. *See Bishop*, 940 F.3d at 1250. "Another felony offense" includes crimes that are punishable by imprisonment for a term exceeding one year under federal, state, or local law, "regardless of whether a criminal charge was brought, or a conviction obtained." *Id.* (quoting U.S.S.G. § 2K2.1(b)(6)(B) comment n.14(C)).

Application Note 14(A) to § 2K2.1(b)(6)(B) states that a firearm is used or possessed "in connection with" another felony offense if "the firearm or ammunition facilitated, or had the potential of facilitating, another felony offense." Application Note 14(B) to § 2K2.1(b)(6)(B), in turn, states that the enhancement applies "in the case of a drug trafficking offense in which the firearm is found in close proximity to drugs, drug-manufacturing materials, or drug paraphernalia" and that the "presence of the firearm has the potential of facilitating another felony offense" in drug trafficking cases. We have also found that a firearm is "in close proximity to" drug paraphernalia where it is located in the same automobile. *See United States v. Martinez*, 964 F.3d 1329, 1339–40 (11th Cir. 2019) (finding "close proximity" where a scale, baggies, and a stolen shotgun were found in separate bags in the same car).

The commentary's interpretation of the "in connection with" language is consistent with our precedent. We have expressly rejected a restrictive interpretation of the term "in connection with" and have indicated that the phrase, as used in § 2K2.1(b)(6)(B) and other sections of the guidelines, should be

given an expansive interpretation. *See United States v. Smith*, 480 F.3d 1277, 1280 (11th Cir. 2007). *See also United States v. Rhind*, 289 F.3d 690, 695 (11th Cir. 2002) (holding that firearms do not need to be loaded or operable to apply the enhancement under § 2K2.1(b)(6)).

## IV

On appeal, Mr. McCaskill argues that the district court's application of the U.S.S.G. § 2K2.1(b)(6)(B) enhancement was clear error because (1) the government did not prove by a preponderance of the evidence that he committed a drug trafficking offense as required by Application Note 14(b), or that the firearms could have potentially facilitated another felony as required by Application Note 14(A), and (2) the district court failed to make sufficient factual findings to support application of the enhancement under either Application Note 14(A) or 14(B). He also contends that *de novo* review is proper because "the district court failed to make findings sufficient to support application of the four-level U.S.S.G. § 2K2.1(b)(6)(B) enhancement" and as such, his challenge to "the guidelines application issue is purely legal."

First, we reject Mr. McCaskill's argument that the district court failed to make sufficient factual findings concerning the disputed enhancement to permit meaningful appellate review. *See Gall v. United States*, 552 U.S. 38, 50 (2007) (holding that a district court must "adequately explain" the chosen sentence to allow for meaningful appellate review). The record reflects that the district court adopted the PSR, the undisputed portions of which showed

that: (1) there were three firearms in close proximity to two forms of narcotics and to drug distribution paraphernalia, and (2) local authorities charged him with possession with intent to distribute narcotics in violation of state law following his arrest. The district court also explicitly noted that it had considered the arguments of the parties—including the government's arguments that the enhancement should apply because of the close proximity of the firearms to the drugs and drug paraphernalia. *See* U.S.S.G. § 2K2.1(b)(6)(B), n. 14(B). These findings provide a sufficient basis for meaningful appellate review. *Id.*

Second, the district court did not clearly err when it found that Mr. McCaskill possessed firearms in connection with another felony. *See Martinez*, 964 F.3d at 1339–40. Mr. McCaskill is correct that the mere proximity of a firearm to drugs possessed for personal use, without more, is generally not enough to sustain the U.S.S.G. § 2K2.1(b)(6)(B) sentencing enhancement. *See Bishop*, 940 F.3d at 1252. Here, however, there was enough evidence for the district court to find by a preponderance of the evidence that the drugs in Mr. McCaskill's car were connected to drug trafficking rather than personal use. *See Almedina*, 686 F.3d at 1315; *Wilson*, 884 F.2d at 1356.

Undisputed portions of the PSI established that Mr. McCaskill had not used marijuana or any other illegal drugs since 1990—nearly three decades before the offense conduct at issue here. It was, therefore, reasonable for the district court to find that Mr. McCaskill, who does not personally use marijuana or any

other illegal drugs, was more likely than not engaged in drug trafficking when he had 56.31 grams of marijuana, two baggies of eutylone, a scale with residue, empty baggies, and an odor masking agent in his car. *See Martinez*, 964 F.3d at 1339–40. It was also reasonable for the district court to find that the three loaded firearms located in the same vehicle were more likely than not possessed in connection with drug trafficking, or that they had the potential to facilitate such an offense. *See* U.S.S.G. § 2K2.1(b)(6)(B), n. 14(A), (B). Therefore, the close proximity of the firearms to the two types of illegal drugs and drug paraphernalia warranted the sentencing enhancement. *See Martinez*, 964 F.3d at 1335.

## V

Accordingly, we affirm Mr. McCaskill's 108-month sentence.

AFFIRMED.