**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 3 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 21-10276 |
| Plaintiff-Appellee, | D.C. Nos. |
| v. | 1:21-cr-00044-DAD-BAM-1<br>1:21-cr-00044-DAD-BAM |
| HECTOR KIONI GONGORA, | |
| Defendant-Appellant. | MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Dale A. Drozd, District Judge, Presiding

Argued and Submitted May 10, 2022
San Francisco, California

Before: O'SCANNLAIN and BUMATAY, Circuit Judges, and BAKER,[**] International Trade Judge.

Hector Gongora appeals his sentences for possession with intent to distribute methamphetamine, being a felon in possession of a firearm, and being a felon in possession of ammunition. 21 U.S.C. § 841(a)(1); 18 U.S.C. § 922(g)(1). He first

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable M. Miller Baker, Judge for the United States Court of International Trade, sitting by designation.

argues that his change-of-plea and sentencing hearings were improperly held over video and teleconference. He also claims that the district court improperly applied the firearm sentencing enhancement under U.S. Sentencing Guidelines § 2D1.1(b)(1). Because Gongora did not previously object to either ruling of the district court, we review for plain error. *See United States v. Grimaldo*, 993 F.3d 1077, 1081 (9th Cir. 2021). To prevail, Gongora must establish that (1) a clear or obvious (2) error (3) affected his substantial rights and (4) seriously affected the fairness, integrity, or public reputation of judicial proceedings. *United States v. Johnson*, 979 F.3d 632, 636 (9th Cir. 2020). We have jurisdiction to review under 28 U.S.C. § 1291 and affirm.

1. Gongora objects to the use of video and teleconference for his change-of-plea and sentencing proceedings because the district court failed to make the requisite showings under the Coronavirus Aid, Relief, and Economic Securities Act ("CARES Act"), § 15002(b)(2)(A), (b)(4). To show prejudice, Gongora must either show a "reasonable probability" that he would not have entered a guilty plea but for the error, *United States v. Myers*, 804 F.3d 1246, 1257 (9th Cir. 2015), or that the error affected the outcome of his sentencing, *United States v. Ameline*, 409 F.3d 1073, 1078 (9th Cir. 2005).

Gongora has not shown any prejudice from the use of video and teleconference during his change-of-plea hearing. At the hearing, Gongora was

asked if he wished to waive his right to appear in person and affirmed that he did. Gongora's counsel also advised that he was prepared to proceed by video and teleconference. As the district court noted, the goal of proceeding by teleconference was to further the interests of 18 U.S.C. § 3553, which includes providing rehabilitation programs as soon as possible. On appeal, Gongora has not argued that he would not have proceeded with his guilty plea if he waited to appear in person or if the district court made more detailed findings for the need of the teleconference. *See United States v. Dominguez Benitez*, 542 U.S. 74, 85 (2004) ("The point . . . is to enquire whether the [error] . . . would have made the difference required by the standard of reasonable probability . . . .").

Similarly, Gongora has not shown prejudice from the use of videoconferencing at his sentencing. Once again, Gongora was asked if he wished to waive his right to appear in person for sentencing and he agreed he did. Gongora's counsel also reiterated that he consented to proceed by videoconferencing. Furthermore, proceeding by videoconference permitted him to be sentenced and receive programming through the Bureau of Prisons more quickly. On appeal, he does not claim that appearing in person, rather than by video, would have changed the results of his sentencing.

Instead of showing prejudice, Gongora asserts that the use of video and teleconferencing was per se prejudicial. We disagree. As we have said previously,

3

the violation of Federal Rule of Criminal Procedure 43—which governs the defendant's presence at court proceedings—is subject to harmless error review. *See United States v. Rosales-Rodriguez*, 289 F.3d 1106, 1109–10 (9th Cir. 2002) (finding that the Rule 43 "error was harmless . . . and that there is no reasonable possibility that prejudice resulted from the [defendant's] absence" (simplified)). Since Gongora has not shown any prejudice, there was no plain error.

2. Gongora also contends that § 2D1.1(b)(1)'s enhancement for possession of a firearm did not apply because evidence shows that he always carried a gun for general protection. We have said that "the enhancement should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." *United States v. Gomez*, 6 F.4th 992, 1008 (9th Cir. 2021) (simplified). We interpret the requirement of a "connection" with the offense "broadly" and it applies to the defendant's "entire course of criminal conduct," not the just the crime of conviction. *Id.* at 1009 (simplified). Here, officers found a firearm where Gongora was standing just before his arrest and, in Gongora's backpack in a nearby car, they found three bags of methamphetamine, a loaded magazine, loose ammunition, and a holster. Even if Gongora also uses the firearm for general protection, that does not preclude it from being connected to the offense. There is thus no plain error.

**AFFIRMED.**

4