NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

APR 22 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

OLISER HERNANDEZ,

Defendant - Appellant.

No. 23-2362

D.C. No.
3:19-mj-23508-MSB-AJB-1

MEMORANDUM*

Appeal from the United States District Court
for the Southern District of California
Anthony J. Battaglia, District Judge, Presiding

Argued and Submitted March 5, 2025
Pasadena, California

Before: TALLMAN, CLIFTON, and CHRISTEN, Circuit Judges.

Oliser Hernandez appeals his conviction for a misdemeanor attempt to

illegally enter the United States outside of a port of entry, in violation of 8 U.S.C.

§ 1325(a)(1). Because the parties are familiar with the facts, we do not recount

them here. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the

adequacy of *Miranda* warnings *de novo*. *United States v. Williams*, 435 F.3d 1148,

---

* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

1151 (9th Cir. 2006). We review discovery rulings for abuse of discretion. *United States v. Santiago*, 46 F.3d 885, 894 (9th Cir. 1995). "We review *de novo* whether there has been a violation of *Brady v. Maryland*, 373 U.S. 83 (1963) . . . ." *United States v. Stever*, 603 F.3d 747, 752 (9th Cir. 2010). We affirm the district court's order affirming the magistrate judge's conviction of Hernandez. 18 U.S.C. §§ 3401–3402.

1. There is "no talismanic incantation" required to satisfy *Miranda*. *California v. Prysock*, 453 U.S. 355, 359 (1981). Comprehensive *Miranda* warnings that sufficiently allow the defendant "to grasp the substance of what he was told—that he had the right to appointed counsel if he could not afford a lawyer" are sufficient. *United States v. Miguel*, 952 F.2d 285, 288 (9th Cir. 1991). Where discrepancies exist between the English and Spanish versions of *Miranda* warnings provided to a defendant, the court holds such warnings insufficient if they contain mistranslations that render the warnings constitutionally infirm or create improper inferences regarding the defendant's rights. *See United States v. Botello-Rosales*, 728 F.3d 865, 867–68 (9th Cir. 2013); *United States v. Perez-Lopez*, 348 F.3d 839, 847–48 (9th Cir. 2003). Hernandez argues that the warnings he received were insufficient because he was told in Spanish that an attorney "can" be provided to him if he could not afford one, not that an attorney "will" be provided. This variation, in the context of the comprehensive warnings he

received, fails to support Hernandez's argument that the warnings were constitutionally infirm under the totality of the circumstances. *Miguel*, 952 F.2d at 288; *cf. United States v. Connell*, 869 F.2d 1349 (9th Cir. 1989).

2. We review a magistrate judge's evidentiary ruling for an abuse of discretion under a "significantly deferential" standard of review. *United States v. Hinkson*, 585 F.3d 1247, 1262–63 (9th Cir. 2009) (en banc). Hernandez does not establish that the magistrate judge's ruling was "illogical, implausible, or without support in inferences that may be drawn from the record." *Id*. Hernandez offered only speculative and "conclusory allegations of materiality" in support of his request for discovery related to radio traffic concerning Eduardo Verduzco. *United States v. Lucas*, 841 F.3d 796, 804 (9th Cir. 2016) (internal quotation marks omitted). The magistrate judge exercised appropriate discretion when denying this discovery request. *See United States v. Mandel*, 914 F.2d 1215, 1219 (9th Cir. 1990) (holding defendants were not entitled to discovery absent factual showing of materiality).

3. "[W]aiver is the 'intentional relinquishment or abandonment of a known right.'" *United States v. Olano*, 507 U.S. 725, 733 (1993) (quoting *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938)). "In determining whether waiver occurred, we look to the defendant's knowledge of the error and whether he or she sought to exploit it for a tactical advantage." *United States v. Grimaldo*, 993 F.3d 1077,

1081 (9th Cir. 2021). The trial court offered to continue the trial in order to conduct an *in camera* review of the personnel file for the government's testifying witness and to allow for the production of a particular immigration record. Defense counsel's exchange with the magistrate judge shows that Hernandez intentionally opted to proceed to trial despite this outstanding discovery request because he favored the "tactical advantage" it provided. *Id.* Hernandez knowingly and without coercion waived his right to additional discovery. *See Olano*, 507 U.S. at 733.

**AFFIRMED**.