NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>DAVID LEE KENNEDY, Jr.,<br><br>Defendant - Appellant. | No. 23-2951<br><br>D.C. No.<br>1:23-cr-00061-SPW-1<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Montana
Susan P. Watters, District Judge, Presiding

Submitted May 29, 2025[**]
San Francisco, California

Before: CHRISTEN and NGUYEN, Circuit Judges, and EZRA, District Judge.[***]

Defendant-Appellant David Lee Kennedy was arrested for attempting to

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     On July 16, 2024, the court stayed this matter pending the resolution of *United States v. Duarte*, No. 22-50048, 2025 WL 1352411 (9th Cir. May 9, 2025). Dkt. # 18. The motion to lift the stay, filed on May 16, 2025, Dkt. # 23, is granted and the stay is lifted. The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable David A. Ezra, United States District Judge for the District of Hawaii, sitting by designation.

steal a vehicle from a car dealership. When Kennedy was arrested, officers recovered a loaded semi-automatic pistol from the driver's seat where Kennedy had been sitting. Kennedy pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). He challenges on appeal the district court's application of a four-level enhancement under the United States Sentencing Guidelines ("USSG") § 2K2.1(b)(6)(B), which applies if the defendant "used or possessed any firearm . . . in connection with another felony offense." We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The district court's "application of the Sentencing Guidelines to the facts of a given case should be reviewed for abuse of discretion." *United States v. Gasca-Ruiz*, 852 F.3d 1167, 1170 (9th Cir. 2017) (en banc). "A district court abuses its discretion when it fails to apply the correct legal standard or bases its decision on unreasonable findings of fact." *Briseño v. Henderson*, 998 F.3d 1014, 1022 (9th Cir. 2021) (cleaned up). The district court's factual findings are reviewed for clear error. *United States v. Parlor*, 2 F.4th 807, 811 (9th Cir. 2021).

To establish that a firearm was possessed "in connection with" an offense, the government must show that "the firearm was possessed in a manner that permits an inference that it facilitated or potentially facilitated—*i.e.*, had some potential emboldening role in—a defendant's felonious conduct." *United States v. Routon*, 25 F.3d 815, 819 (9th Cir. 1994).

The district court found that Kennedy's firearm was "in close proximity with easy access," as the gun was found on the seat Kennedy had occupied while attempting to hotwire the vehicle. *See id.* (finding that the enhancement was properly applied to an interstate car thief where the defendant "kept [the gun] within a short distance" when driving stolen vehicles). The district court further found that Kennedy "made a conscious decision to bring a firearm with him when attempting to steal a vehicle." *See United States v. Collins*, 90 F.3d 1420, 1430 (9th Cir. 1996) (finding that "[i]t was not clearly erroneous to infer that the pistol had some emboldening role" in the defendant's attempted burglary). That Kennedy may have been inebriated does not negate the district court's finding that he made the conscious decision to bring a gun. It was not clearly erroneous for the district court to conclude that there was "evidence of the firearm potentially facilitating the theft of an automobile," and that "the firearm would have the potential of facilitating that theft if someone were to try to prevent the theft." *See United States v. Grimaldo*, 993 F.3d 1077, 1083 (9th Cir. 2021) ("Stealing a car invites the risk that the owner, let alone the police, will seek to repossess it. While a gun does not mitigate the risk—in fact, it may heighten it—it helps remove barriers."). As a result, the district court did not abuse its discretion in applying the firearm enhancement.

**AFFIRMED.**