FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee*,

v.

LAMAR JOHNSON,
*Defendant-Appellant.*

No. 17-10252

D.C. No.
3:16-cr-00251-WHA-1

OPINION

On Remand From the United States Supreme Court

Argued and Submitted March 12, 2020
San Francisco, California

Filed June 25, 2020

Before:  J. Clifford Wallace, Johnnie B. Rawlinson,
and Paul J. Watford, Circuit Judges.

Opinion by Judge Watford

# SUMMARY[*]

## Criminal Law

On remand from the Supreme Court for further consideration in light of *Rehaif v. United States*, 139 S. Ct. 2191 (2019), the panel affirmed convictions for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).

*Rehaif* held that a defendant may be convicted under § 922(g) only if the government proves that the defendant "knew he belonged to the relevant category of persons barred from possessing a firearm" – in this case, those convicted of a crime punishable by more than one year of imprisonment.

Because the defendant did not raise his sufficiency-of-the-evidence challenge in the district court, the panel reviewed for plain error. The government conceded that the first two prongs of plain-error review (an error that was clear or obvious) are met, and the panel assumed without deciding that the third prong (the error affected the defendant's substantial rights) are satisfied.

The panel held that in assessing the fourth prong – that the error seriously affected the fairness, integrity, or public reputation of judicial proceedings – this court may consider the entire record on appeal, not just the record adduced at trial. The panel explained that if a hypothetical retrial is certain to end in the same way as the first one, then refusing

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

to correct an unpreserved error will, by definition, not result in a miscarriage of justice, and that choosing to correct the error in those circumstances would produce the very sort of wasteful reversals that Fed. R. Crim. P. 52(b) aims to avoid.

With that understanding of the inquiry required, the panel saw no basis in this case for limiting its review to the record adduced at trial, as the record on appeal contains additional evidence the government would introduce to prove that the defendant knew of his status as a convicted felon. Given the overwhelming and uncontroverted nature of that evidence, the panel concluded that the defendant cannot show that refusing to correct the district court's error would result in a miscarriage of justice.

## COUNSEL

Robin Packel (argued), Assistant Federal Public Defender; Steven G. Kalar, Federal Public Defender; Office of the Federal Public Defender Oakland, California; for Defendant-Appellant.

Alexis J. Loeb (argued) and Philip Kopczynski, Assistant United States Attorneys; Merry Jean Chan, Chief, Appellate Section, Criminal Division; David L. Anderson, United States Attorney; United States Attorney's Office, San Francisco, California; for Plaintiff-Appellee.

**OPINION**

WATFORD, Circuit Judge:

When this case was last before us, we affirmed Lamar Johnson's convictions for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). *United States v. Johnson*, 913 F.3d 793 (9th Cir. 2019). After we issued our opinion, the Supreme Court decided *Rehaif v. United States*, 139 S. Ct. 2191 (2019). There, the Court held that a defendant may be convicted under § 922(g) only if the government proves that the defendant "knew he belonged to the relevant category of persons barred from possessing a firearm"—in our case, those convicted of a crime punishable by more than one year of imprisonment. *Id.* at 2200. Johnson filed a petition for certiorari in which he argued for the first time that the government failed to prove at trial that he knew of his status as a convicted felon. The Supreme Court granted his petition, vacated the judgment, and remanded the case for further consideration in light of *Rehaif*. 140 S. Ct. 440 (2019).

Following remand, we received supplemental briefs from the parties and heard oral argument. After considering the parties' contentions regarding the effect of *Rehaif*, we again affirm Johnson's convictions.

The background facts may be briefly summarized. The government charged Johnson with various drug and firearms offenses, including two counts of being a felon in possession of a firearm. Johnson moved to suppress the firearms and other evidence found during searches of his home and car. The district court denied the motion. To facilitate appellate review of that ruling, Johnson waived his right to a jury trial and agreed to proceed with a stipulated-facts bench trial. In lieu of calling witnesses, the parties submitted a written

stipulation describing the agreed-upon facts, which included, as relevant here, that two different firearms were found in Johnson's possession on separate dates and that, prior to the dates in question, he "had been convicted of a felony, *i.e.*, a crime punishable by imprisonment for a term exceeding one year." On the basis of the stipulated facts, the district court found Johnson guilty of violating 18 U.S.C. § 922(g)(1).

Johnson did not argue in the district court that the evidence was insufficient to sustain his convictions, which is understandable. At the time of Johnson's trial, our circuit's law did not require the government to prove that a defendant knew of his status as a convicted felon. *See United States v. Miller*, 105 F.3d 552, 555 (9th Cir. 1997). The Supreme Court's intervening decision in *Rehaif* has of course changed the law in that regard. Nevertheless, because Johnson did not raise his sufficiency-of-the-evidence challenge in the district court, we review that challenge for plain error under Federal Rule of Criminal Procedure 52(b). *See United States v. Benamor*, 937 F.3d 1182, 1188 (9th Cir. 2019).

To establish plain error, Johnson must show that (1) there was an error, (2) the error is clear or obvious, (3) the error affected his substantial rights, and (4) the error seriously affected the fairness, integrity, or public reputation of judicial proceedings. *Id.* The government concedes that the first two prongs are met: The district court erred by not requiring the government to prove Johnson's knowledge of his status as a convicted felon, and that error is now clear following *Rehaif*. We will further assume without deciding that the district court's error affected Johnson's substantial rights, thereby satisfying the third prong. Only the fourth prong remains in dispute.

The central issue we must decide is whether, in assessing the fourth prong of the plain-error standard, we may consider the entire record on appeal or only the record developed at trial. If we are limited to considering the trial record alone, as Johnson urges, his case for reversal appears strong. The factual stipulation submitted by the parties does not state whether Johnson knew he had been convicted of a crime punishable by imprisonment for more than a year. It merely states, as a matter of historical fact, that Johnson had previously been convicted of "a crime punishable by imprisonment for a term exceeding one year." Without more information about the nature of the crime or the length of the sentence imposed, a rational trier of fact would be hard pressed to infer that Johnson knew of his prohibited status as required under *Rehaif*. And that failure of proof might well be deemed to affect the fairness or integrity of the judicial proceedings resulting in his convictions. *See United States v. Cruz*, 554 F.3d 840, 851 (9th Cir. 2009).

As Johnson correctly notes, when deciding whether sufficient evidence supports a conviction, our review ordinarily is confined to the evidence submitted to the trier of fact. We ask whether "the record evidence adduced at the trial" was sufficient to permit a rational trier of fact to find the defendant guilty beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 324 (1979); *see United States v. Nevils*, 598 F.3d 1158, 1164 (9th Cir. 2010) (en banc). The same standard frames our review of sufficiency-of-the-evidence challenges under the plain-error standard as well. *See United States v. Flyer*, 633 F.3d 911, 917 (9th Cir. 2011).

One of the plain-error cases on which Johnson relies, *United States v. James*, 987 F.2d 648 (9th Cir. 1993), starkly illustrates application of the rule limiting review to the evidence adduced at trial. In that case, the defendant

stipulated to the federally insured status of the victim bank, but the prosecutor forgot to read the stipulation to the jury. We reversed the defendant's conviction because, as a result of the prosecutor's mistake, the trial record lacked any evidence to support an essential element of the crime—even though, we assumed, undisputed proof of that element existed in the form of the defendant's own stipulation. *Id.* at 650–51. (We did not explicitly state that we were applying plain-error review, but Rule 52(b) undoubtedly governed given that the defendant had not raised his sufficiency-of-the-evidence challenge in the district court. *See id.* at 654 (Alarcon, J., dissenting).)

The rule confining our review to the trial record, as applied in *James*, is derived from the dictates of the Double Jeopardy Clause. If the government introduces insufficient proof at trial to sustain a conviction, a retrial at which the government could cure the evidentiary deficiency is not permitted; instead, the defendant is entitled to reversal of his conviction and entry of a judgment of acquittal. *See Burks v. United States*, 437 U.S. 1, 11 (1978). As we stated in *United States v. Weems*, 49 F.3d 528 (9th Cir. 1995), "the 'core' of the Double Jeopardy Clause's prohibition on multiple prosecutions is denying the prosecution a second opportunity 'to supply evidence which it failed to muster in the first proceeding.'" *Id.* at 531 (quoting *Tibbs v. Florida*, 457 U.S. 31, 41 (1982)). Thus, even when a defendant challenges the sufficiency of the evidence for the first time on appeal, the validity of the defendant's conviction must rise or fall on the record submitted to the trier of fact, and no retrial will follow if the government's evidence is found wanting.

There is an exception to this general rule, however, and it applies in the circumstances present here. We held in

*Weems* that the Double Jeopardy Clause does *not* bar a retrial when the government's evidence was sufficient to sustain a conviction at the time of trial, but has subsequently been rendered insufficient due to an intervening change in the law. *Id.*    In *Weems*, the government introduced sufficient evidence to sustain a conviction under the law as it stood at the time of trial, but the Supreme Court subsequently held that the charged offense required proof of an additional knowledge element.   *Id.* at 530.   We noted that "[t]he government had no reason to introduce such evidence because, at the time of trial, under the law of our circuit, the government was not required to prove that a defendant knew that structuring was illegal."   *Id.* at 531.    In those circumstances, we concluded, the Double Jeopardy Clause does not bar a retrial because the government "is not being given a second opportunity to prove what it should have proved earlier."   *Id.*

The exception established in *Weems* applies here because the evidence submitted during the stipulated-facts bench trial was more than sufficient to support Johnson's convictions under the law existing at the time of trial.  The evidence was rendered insufficient only by the Supreme Court's subsequent decision in *Rehaif*, which means the government would be permitted to retry Johnson.  In our view, the fact that a retrial is authorized distinguishes this case from *James* and permits us to review the entire record on appeal—not just the record adduced at trial—in assessing whether Johnson has satisfied the fourth prong of plain-error review.

Under the fourth prong, Johnson must show that the district court's error seriously affects the fairness, integrity, or public reputation of judicial proceedings.    That requirement helps enforce one of Rule 52(b)'s core policies,

which is to "reduce wasteful reversals by demanding strenuous exertion to get relief for unpreserved error." *United States v. Dominguez Benitez*, 542 U.S. 74, 82 (2004). As the Supreme Court has stated, Rule 52(b) authorizes courts to correct unpreserved errors, but that power "is to be 'used sparingly, solely in those circumstances in which a miscarriage of justice would otherwise result.'" *United States v. Young*, 470 U.S. 1, 15 (1985) (quoting *United States v. Frady*, 456 U.S. 152, 163 n.14 (1982)).

To satisfy the fourth prong when a retrial would be permissible, a defendant must offer a plausible basis for concluding that an error-free retrial might end more favorably. For if the hypothetical retrial is certain to end in the same way as the first one, then refusing to correct an unpreserved error will, by definition, not result in a miscarriage of justice. Indeed, choosing to correct the error in those circumstances would produce the very sort of "wasteful reversals" that Rule 52(b) aims to avoid. *Dominguez Benitez*, 542 U.S. at 82.

The Supreme Court's most analogous plain-error cases support this view, albeit without analyzing the issue explicitly in these terms. In *Johnson v. United States*, 520 U.S. 461 (1997), the Court was asked to decide whether the district court's plain error in failing to submit an element of the offense to the jury warranted relief under Rule 52(b). *Id.* at 463. The Court assumed that the error affected the petitioner's substantial rights but held that she could not satisfy the fourth prong of plain-error review because the evidence supporting the omitted element—materiality—was "overwhelming" and "essentially uncontroverted." *Id.* at 469–70. The Court stressed that, even in her briefs on appeal, "petitioner has presented no plausible argument that the false statement under oath for which she was convicted

. . . was somehow not material to the grand jury investigation." *Id.* at 470. Presumably, if the petitioner *had* articulated a plausible argument for why the jury could have found in her favor on materiality, remand for a retrial at which the jury was required to decide that element would have been warranted. But in the absence of any such argument, the Court concluded that no miscarriage of justice would result by leaving the district court's error uncorrected. *See id.*

The Court reached the same conclusion in *United States v. Cotton*, 535 U.S. 625 (2002). That case involved a drug-trafficking prosecution in which the indictment failed to allege a fact—drug quantity—required under the rule established in *Apprendi v. New Jersey*, 530 U.S. 466 (2000). *See Cotton*, 535 U.S. at 627–28. As in *Johnson*, the Court assumed that the defendants' substantial rights were affected by the error but found the fourth prong of plain-error review had not been satisfied. *Id.* at 632–33. Relying on the "overwhelming and uncontroverted" evidence establishing that the defendants had trafficked in quantities well above the relevant thresholds, the Court held that the error did not seriously affect the fairness, integrity, or public reputation of their proceedings. *Id.* at 633–34. After cataloging the evidence introduced at trial, the Court observed: "Surely the grand jury, having found that the conspiracy existed, would have also found that the conspiracy involved at least 50 grams of cocaine base." *Id.* at 633. In other words, no point would have been served by reversing the defendants' convictions and requiring the prosecution to begin anew with an indictment issued by a properly instructed grand jury.

*Johnson* and *Cotton* confirm that the fourth prong of plain-error review is designed, in part, to weed out cases in which correction of an unpreserved error would ultimately

have no effect on the judgment. In those two cases, the Court was not attempting to determine whether the grand and petit juries had actually made the findings required for indictment or conviction, notwithstanding the challenged errors. It was undisputed that the juries had not done so, because they had not been asked to make those findings. The Court was thus engaged in making a predictive judgment about whether, if the defendants' convictions were reversed and the prosecution or trial had to start over, the outcome would potentially be any different. In the face of overwhelming and uncontroverted evidence suggesting that the answer was no, and with the defendants offering no plausible argument to conclude otherwise, the Court held that the errors in question did not seriously affect the fairness, integrity, or public reputation of judicial proceedings. In fact, the Court stated, "it would be the *reversal* of [the defendant's conviction] which would have that effect." *Johnson*, 520 U.S. at 470 (emphasis added); *see Cotton*, 535 U.S. at 634.

With that understanding of the inquiry required here, we see no basis for limiting our review under the fourth prong to the record adduced at trial. To be sure, in most cases involving unpreserved sufficiency-of-the-evidence challenges, the portions of the record on appeal outside the trial record will be irrelevant to the analysis. In the ordinary case, as in *James*, a retrial will not be permitted if the government's evidence is found insufficient, so the validity of the defendant's conviction must be judged based on the trial record alone. Even in cases subject to the exception created in *Weems*, the record on appeal will often not disclose what additional evidence the government might possess to prove an element that it had no reason to prove during the first trial. But if the record on appeal *does* disclose what that evidence consists of, and the evidence is

uncontroverted, we can think of no sound reason to ignore it when deciding whether refusal to correct an unpreserved error would result in a miscarriage of justice.

In this case, the record on appeal contains additional evidence the government would introduce to prove that Johnson knew of his status as a convicted felon. And given the overwhelming and uncontroverted nature of that evidence, Johnson cannot show that refusing to correct the district court's error would result in a miscarriage of justice. According to the presentence report prepared in this case, at the time he possessed the firearms, Johnson had sustained the following convictions: a 1998 felony conviction for which he received a sentence of 28 months in prison; a 2004 felony conviction for which he received a sentence of two years in prison; and a 2007 felony conviction for which he was again sentenced to two years in prison. In his supplemental brief, Johnson does not dispute the accuracy of the presentence report's description of his criminal history. In light of the sentences imposed in his earlier cases, Johnson cannot plausibly argue that a jury (or judge, if he opted again for a bench trial) would find that he was unaware of his status as someone previously convicted of an offense punishable by more than a year in prison. After all, he had in fact already served three prior prison sentences exceeding one year. *Cf. Rehaif*, 139 S. Ct. at 2198 (noting that a defendant "who was convicted of a prior crime but sentenced only to probation" might be able to claim that he did not know he had been convicted of a crime punishable by more than a year of imprisonment).

Several of our sister circuits have relied on uncontroverted evidence that a defendant was sentenced to more than a year in prison when rejecting post-*Rehaif* challenges to trial verdicts under plain-error review. *See,*

*e.g.*, *United States v. Maez*, __ F.3d __, 2020 WL 2832113, at *11 (7th Cir. 2020); *United States v. Miller*, 954 F.3d 551, 559–60 (2d Cir. 2020); *see also Benamor*, 937 F.3d at 1189.[1] We conclude that such evidence will ordinarily preclude a defendant from satisfying the fourth prong of plain-error review when challenging the sufficiency of the evidence that he knew of his status as a convicted felon.

**AFFIRMED.**

---

[1] Courts have relied on similar evidence in rejecting post-*Rehaif* challenges in the guilty-plea context as well. *See, e.g.*, *United States v. Williams*, 946 F.3d 968, 973–74 (7th Cir. 2020); *United States v. Burghardt*, 939 F.3d 397, 404 (1st Cir. 2019); *but see United States v. Gary*, 954 F.3d 194 (4th Cir. 2020).