**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 20-10049 |
| Plaintiff-Appellee, | D.C. No. 1:19-cr-00096-DAD-BAM-1 |
| v. | |
| NETZAHUALCOYOTL CERNA, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Dale A. Drozd, District Judge, Presiding

Submitted December 7, 2020[**]
San Francisco, California

Before: MURGUIA and CHRISTEN, Circuit Judges, and SESSIONS,[***] District Judge.

Netzahualcoyotl Cerna appeals from the district court's judgment and sentence following a jury trial. The jury convicted Cerna of using or carrying a

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable William K. Sessions III, United States District Judge for the District of Vermont, sitting by designation.

firearm in relation to a drug trafficking offense, 18 U.S.C. § 924(c); (2) possessing a firearm as a convicted felon, 18 U.S.C. § 922(g)(1); and (3) possessing methamphetamine with intent to distribute it, 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A). As the parties are familiar with the facts, we do not recount them here. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Because Cerna did not object at trial to any error that he raises on appeal, all issues here are reviewed for plain error. *United States v. Johnson*, 979 F.3d 632, 636 (9th Cir. 2020); *United States v. Juan*, 704 F.3d 1137, 1140 (9th Cir. 2013). To establish plain error, Cerna must show that: "(1) there was an error, (2) the error is clear or obvious, (3) the error affected his substantial rights, and (4) the error seriously affected the fairness, integrity, or public reputation of judicial proceedings." *Johnson*, 979 F.3d at 636.

1. Cerna argues that the district court violated Federal Rule of Evidence 704(b) by allowing Officer Joshua Sharp, an expert witness, to opine on Cerna's intent to distribute methamphetamine. Officer Sharp testified that Cerna possessed 121.9 grams of methamphetamine "for distribution." Rule 704(b) prohibits an expert witness from stating an opinion that a "[criminal] defendant did or did not have a mental state or condition that constitutes an element of the crime charged." Fed. R. Evid. 704(b); *United States v. Morales*, 108 F.3d 1031, 1037 (9th Cir. 1997) (en banc) (stating that a prohibited "opinion or inference" under Rule 704(b) is one

that, if accepted, necessarily compels the conclusion that the criminal defendant had the requisite mental state for the charged crime).

Here, even assuming the district court clearly erred by allowing Officer Sharp to testify that Cerna possessed methamphetamine "for distribution," that error did not affect Cerna's substantial rights. *United States v. Olano*, 507 U.S. 725, 734 (1993) (explaining that an error affects substantial rights when the error is prejudicial, that is, "affect[s] the outcome of the district court proceedings"). Ample evidence showed that Cerna possessed 121.9 grams of methamphetamine with intent to distribute it. Indeed, Cerna admitted that he intended to sell the 121.9 grams of methamphetamine (worth between $600 and $700) to make money. Cerna fails to demonstrate that, without the district court's Rule 704(b) error, the outcome of his trial would have been different. Cerna's substantial rights were not affected. He therefore fails to satisfy the plain-error standard.

2.    Cerna argues that the district court erred by not sua sponte striking a potential juror[1] because she had a panic disorder. 28 U.S.C. § 1865(b)(4) provides that a district judge "shall deem any person qualified" to serve on a jury unless that person "is incapable, by reason of mental or physical infirmity, to render satisfactory jury service." Here, in response to the district judge's questions, the potential juror stated that medication and breathing techniques controlled the panic disorder and

---

[1] We note that the potential juror did not serve on Cerna's jury.

3

permitted him or her to think clearly. Nothing in the record suggests that the panic disorder made the potential juror "incapable" of rendering "satisfactory" jury service. 28 U.S.C. § 1865(b)(4). The district court did not err but, assuming it did, the district court did not *clearly* err because the plain language of § 1865(b)(4) supports the district court's decision, and Cerna cites no case law requiring a contrary result. *See id.* (requiring the district court to deem any potential juror qualified unless "incapable" of rendering "satisfactory" jury service due to a mental infirmity).

3.      Cerna further argues that the district court procedurally erred because it did not explicitly analyze the sentencing factors under 18 U.S.C. § 3553(a). The district court must consider the § 3553(a) factors and impose a sentence "sufficient[] but not greater than necessary" to achieve the statutory objectives of sentencing. *Rita v. United States*, 551 U.S. 338, 348 (2007) (quoting 18 U.S.C. § 3553(a)). But the "district court need not tick off each of the § 3553(a) factors to show that it has considered them." *United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc). Indeed, even when a district court fails to mention "§ 3553(a)," it simply "may be clear from the [district] court's experience and consideration of the record that the factors were properly taken into account." *United States v. Trujillo*, 713 F.3d 1003, 1009 (9th Cir. 2013).

Here, the district court reviewed Cerna's sentencing memorandum,

4

Presentence Investigation Report, and letters, and stated that it would give "due weight" to § 3553(a)'s factors. The district court did not procedurally err by failing to tick off each sentencing factor under § 3553(a). *See Carty*, 520 F.3d at 995–96 (holding that a district court did not procedurally err, even without mentioning § 3553(a), because the district judge presided over the defendant's trial, reviewed the Presentence Investigation Report, reviewed the parties' submissions discussing the § 3553(a) factors, and listened to testimony at the sentencing hearing). Cerna fails to meet the plain-error standard.

Cerna also argues that the district court failed to adequately explain why it rejected his two specific reasons for a downward variance: (1) Cerna's long-term substance abuse problem fueled his drug dealings; and (2) he could be released early to a charitable organization that would rehabilitate him. Here, the district court acknowledged Cerna's substance-abuse problems and Cerna's acceptance into a rehabilitation program. But the district court decided not to vary downward because Cerna's "extensive criminal history" involved selling drugs for more than twenty years. In sum, the district court considered Cerna's arguments for a downward variance, but the district court rejected them due to Cerna's extensive criminal history.[2] The district court did not plainly err.

---

[2] We note that the district court's reasons for rejecting Cerna's request for a downward variance are not similar to the district court's "total omission" of an explanation rejecting arguments for a downward variance in *United States v.*

**AFFIRMED**.

---

*Trujillo*, 713 F.3d at 1009–10. There, the district court did not attempt "even to dismiss [the defendant's arguments] in shorthand." *Id.* at 1010. Here, the district court acknowledged and rejected Cerna's arguments.