**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 21 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-50174 |
| Plaintiff-Appellee, | D.C. No. 2:18-cr-00073-AB-1 |
| v. | |
| MIGUEL HURTADO, AKA Miguel Nicodeml Hurtado, AKA Miguel Nicomedes Hurtado, AKA Miguel Nicomedl Hurtado, AKA Miguel Nicomedle Hurtado, AKA Nicomedes Hurtado, AKA Nicomedes Miguel Hurtado, AKA Nicomedles Hurtado, AKA Lil Bullet, AKA Loco Park, AKA Nick, AKA Hortado Nicomede, AKA Hortado Nicomedes, AKA Sneaky, AKA Woody, AKA Youngster, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Andre Birotte, Jr., District Judge, Presiding

Argued and Submitted December 8, 2020
Pasadena, California

Before: KELLY,** GOULD, and R. NELSON, Circuit Judges.

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The Honorable Paul J. Kelly, Jr., United States Circuit Judge for the U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

Defendant-Appellant Miguel Hurtado appeals from his conviction for possessing a firearm or ammunition as a felon in violation of 18 U.S.C § 922(g)(1). We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742 and affirm Mr. Hurtado's conviction.

## STANDARD OF REVIEW

We review a district court's handling of jury incidents for abuse of discretion. *United States v. Simtob*, 485 F.3d 1058, 1061 (9th Cir. 2007). Where a party fails to raise a contemporaneous objection at trial, the claim is reviewed for plain error. *Puckett v. United States*, 556 U.S. 129, 135 (2009). To establish plain error, a defendant must show that (1) there was an error; (2) the error was plain; (3) the error affected the defendant's substantial rights; and (4) the error "seriously affects the fairness, integrity or public reputation of judicial proceedings." *Molina-Martinez v. United States*, 136 S. Ct. 1338, 1343 (2016) (internal quotations omitted).

## DISCUSSION

The parties are familiar with the facts, so we need not restate them in detail here. Mr. Hurtado argues that he is entitled to a new trial on three grounds: (1) the district court's failure to hold an evidentiary hearing to determine possible jury prejudice; (2) the government's mischaracterization of evidence during closing arguments; and (3) the failure to instruct the jury that Mr. Hurtado must be aware

of his status as a felon to be convicted under § 922(g).

**A. Jury Prejudice**

During a bus ride to court one day, a juror struck up a conversation with a fellow passenger, a county prosecutor, about what kind of case the juror was serving on and who was the presiding district judge. At the courthouse, the juror told the other jurors that the county prosecutor said the district judge was "very notable" and asked what kind of case it was. At that point, the other jurors told the juror in question to stop talking.

Mr. Hurtado argues that the district court was required to hold an evidentiary hearing once it was informed of this incident. We have established a two-step process for evaluating allegedly prejudicial jury contacts. First, "[t]he defendant must present evidence of a contact sufficiently improper as to raise a credible risk of affecting the outcome of the case." *Godoy v. Spearman*, 861 F.3d 956, 967 (9th Cir. 2017). If the defendant makes that showing, "the presumption of prejudice attaches, and the burden shifts to the state to prove that the contact was harmless." *Id.* at 968. The district court must also hold an evidentiary hearing to evaluate prejudice only "if there is any remaining uncertainty about 'what actually transpired, or whether the incident[]'" was prejudicial. *Id.* at 969 (quoting *Remmer v. United States*, 347 U.S. 227, 229 (1954)). An evidentiary hearing is not required upon every allegation of jury misconduct or bias. *United States v. Saya*, 247 F.3d

3

929, 934–35 (9th Cir. 2001). Because Mr. Hurtado failed to object to the district court's handling of the jury incident below, we review his claim for plain error. *See Puckett*, 556 U.S. at 135.

The district court appropriately handled the report of the potentially improper jury contact. Upon receiving the report, the district court questioned the juror about the conversation in front of the government and defendant's counsel. The juror's account matched that of the juror who reported the incident. The district court replaced the juror with an alternate "in [an] abundance of caution," but found that the juror did not pass on inappropriate information about the facts or merits of the case. Mr. Hurtado did not object to any of this and agreed with the government that instructing the jury not to speculate as to the reason for the juror's excusal was an adequate response. Under these circumstances, the district court was not required to hold an evidentiary hearing and did not err in failing to do so. There is no error, plain or otherwise.

## B. Prosecutorial Misconduct

Mr. Hurtado argues that the district court was required to grant a mistrial based on the prosecutor's mischaracterization of an officer's testimony during closing arguments. Mr. Hurtado did not object to the misstatement at trial, so his claim is reviewed for plain error. *See Puckett*, 556 U.S. at 135.

"A prosecutor's inadvertent mistakes or misstatements are not misconduct" and "are not a basis for reversal." *United States v. Lloyd*, 807 F.3d 1128, 1168 (9th Cir. 2015). Here, the mistake appears inadvertent, as the prosecutor briefly conflated different aspects of the officer's testimony but characterized it correctly shortly thereafter. Moreover, the district court instructed the jury that what lawyers say in their closing arguments is not evidence. *See id.* at 1168 (noting importance of district court's instructions "that the jury's recollections—not the prosecutor's summation—controlled"). Accordingly, the district court was not required to grant a mistrial.

## C. *Rehaif* Instruction

Finally, Mr. Hurtado argues that he is entitled to a new trial because the jury was not instructed that the government must prove that Mr. Hurtado knew of his status as a felon in order to support a conviction under 18 U.S.C. § 922(g). Mr. Hurtado did not raise this issue below, so it is reviewed for plain error. The government concedes that this omission was a clear and obvious error under *Rehaif v. United States*, 139 S. Ct. 2191 (2019), but argues that the error did not violate Mr. Hurtado's substantial rights and did not seriously affect the fairness or integrity of the judicial proceedings.

The failure to provide a *Rehaif* instruction will not constitute reversible plain error where the record on appeal demonstrates that a "hypothetical retrial is certain

5

to end in the same way as the first one." *United States v. Johnson*, 979 F.3d 632, 637 (9th Cir. 2020). Mr. Hurtado testified on cross-examination that he was sentenced to four years in prison for a prior offense and his PSR indicates that he has been convicted of possessing a firearm as a felon three times and served more than four years for one of those convictions. Given this uncontroverted evidence, Mr. Hurtado cannot plausibly argue that a trier of fact might find that he was unaware of his status as a felon; thus, he cannot establish reversible plain error. *See id.* at 638–39.

**AFFIRMED.**