NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUN 15 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   20-50112 |
| Plaintiff-Appellee, | D.C. Nos.   3:19-cr-03570-W-1 |
| v. | |
| RADAMES RAMY ALONSO, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Thomas J. Whelan, District Judge, Presiding

Submitted June 10, 2021**
Pasadena, California

Before:  MURGUIA and BADE, Circuit Judges, and MOLLOY,*** District Judge.

Radames Alonso appeals from the district court's judgment and challenges

his sentence for smuggling undocumented immigrants into the United States in

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Donald W. Molloy, United States District Judge for the District of Montana, sitting by designation.

violation of 8 U.S.C. § 1324(a)(1)(A)(ii). We have jurisdiction pursuant to 28 U.S.C. § 1291. Because the parties are familiar with the facts, we do not recite them here. Alonso did not object at sentencing to any error that he raises on appeal. We therefore review all issues for plain error. *See United States v. Juan*, 704 F.3d 1137, 1140 (9th Cir. 2013). To establish plain error, Alonso must establish that "(1) there was an error, (2) the error is clear or obvious, (3) the error affected his substantial rights, and (4) the error seriously affected the fairness, integrity, or public reputation of judicial proceedings." *United States v. Johnson*, 979 F.3d 632, 636 (9th Cir. 2020). We affirm in part, vacate in part, and remand in part.

1.      Alonso argues that the district court plainly erred in failing to explain why it imposed a thirty-three-month sentence of imprisonment. A district court "must adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing." *Gall v. United States*, 552 U.S. 38, 50 (2007). If a district court "decides simply to apply the Guidelines to a particular case, doing so will not necessarily require lengthy explanation." *Rita v. United States*, 551 U.S. 338, 356 (2007). Indeed, the "[c]ircumstances may well make clear that the [district] judge rests his decision upon the [Sentencing] Commission's own reasoning that the Guidelines sentence is a proper sentence . . . in the typical case, and that the [district] judge has found that the case before him is typical." *Id.* at 357.

Here, the district court read Alonso's sentencing documents, heard oral argument, reviewed the relevant sentencing factors under 18 U.S.C. § 3553(a), and determined that a thirty-three-month sentence was "sufficient but not greater than necessary." Considering the sentence fell within the Sentencing Guidelines range of thirty-three to forty-one months of imprisonment, the district court provided an adequate explanation in this straightforward criminal case and therefore did not commit a procedural error. *See id.*; *see also United States v. Carty*, 520 F.3d 984, 995 (9th Cir. 2008) (en banc) (denying a defendant's claim of inadequate explanation when a case "was neither complex nor unusual").

2.      Next, Alonso argues that the district court plainly erred in failing to explain why it denied his request for a downward variance in light of the COVID-19 pandemic. When a criminal defendant presents nonfrivolous arguments requesting a downward variance, the district court typically must explain why it rejected such a request. *See Rita*, 551 U.S. at 357; *Carty*, 520 F.3d at 992–93. "Sometimes the circumstances will call for a brief explanation; sometimes they will call for a lengthier explanation." *Rita*, 551 U.S. at 357. The district court here explained that a downward variance was not justified because Alonso was on state parole in two cases when he committed the instant smuggling offense and had twenty-eight criminal history points. This was an adequate explanation for rejecting the downward variance. *See id.*; *Carty*, 520 F.3d at 992–93. The district court

therefore did not commit a procedural error.

3. Alonso contends that the district court committed a plain procedural error because it denied his request for a minor-role reduction under United States Sentencing Guidelines § 3B1.2(b) without providing any explanation for doing so.[1] Assuming the district court committed a clear procedural error, Alonso cannot show prejudice under prong three of plain-error review. *See United States v. Waknine*, 543 F.3d 546, 554 (9th Cir. 2008) (explaining that the third prong of plain-error review requires a criminal defendant to show a reasonable probability that he or she would have received a different sentence if the district court had not erred).

Section 3B1.2(b) requires a criminal defendant to prove that he or she is substantially less culpable than the average participant in the criminal scheme "for whom there is sufficient evidence of their existence and participation." *United States v. Diaz*, 884 F.3d 911, 916 (9th Cir. 2018). Alonso was required to compare his involvement in the smuggling offense with the likely average participant's involvement in the smuggling offense and show that he was "substantially less culpable." *See id.* at 916–17. But Alonso's sentencing memorandum neither offered sufficient evidence of other likely average participants nor did it compare his involvement in the smuggling offense to other likely participants' involvement in

---

[1] A defendant may receive a two-level reduction under § 3B1.2(b) if he or she was a minor participant in the instant criminal scheme. *See United States v. Quintero-Leyva*, 823 F.3d 519, 521 (9th Cir. 2016).

4

the smuggling offense. Nor did Alonso raise this issue at the sentencing hearing. There is no reasonable probability that the district court would have granted the minor-role reduction. *See id.* Alonso therefore fails to show the required prejudice under plain-error review.[2]

4.    Alonso contends that the district court plainly erred in imposing a supervised release condition that requires him to consume any medication prescribed for any health condition whatsoever. We agree. Supervised release conditions must be "reasonably related to [certain] factors set forth" in 18 U.S.C. § 3553(a). *United States v. Cope*, 527 F.3d 944, 956 (9th Cir. 2008) (citation omitted).

Here, because the record provides no reason to medicate Alonso except his Post Traumatic Stress Disorder ("PTSD"), any supervised release condition requiring medication must be reasonably related to treating Alonso's PTSD. *See id.* at 956, 958. But the district court's supervised release condition is not reasonably related to treating PTSD; it instead covers *any* health condition: "[T]ake all medications as prescribed by a psychiatrist/physician, and [do] not discontinue any medication without permission." Therefore, as in *Cope*, we vacate the district

---

[2] Alternatively, Alonso requests that this court presume prejudice like it did in *United States v. Hammons*, 558 F.3d 1100 (9th Cir. 2009). We decline to do so. The district court's complete sentencing failure in *Hammons* is clearly distinguishable from the alleged sentencing error in Alonso's sentencing. *Id.* at 1103, 1106 (explaining that the district court never calculated the Guidelines range, never referenced any applicable sentencing factors, and gave no reasons for imposing its sentence). *Hammons* is therefore not helpful here.

5

court's supervised release condition and remand, permitting the district court to clarify that the supervised release condition at issue is limited to medications reasonably related to treating PTSD. *See id.* at 958.

Finally, the district court also required Alonso to take *any* prescribed medication whatsoever without making the requisite medical findings. *See United States v. Williams*, 356 F.3d 1045, 1053–57 (9th Cir. 2004). "We also remand so that an appropriate record can be developed" for the district court to make the requisite medical findings before Alonso is required to "take all prescribed medication." *United States v. Daniels*, 541 F.3d 915, 926 (9th Cir. 2008); *see also Cope*, 527 F.3d at 954–55. "If no such record is developed [on remand], the condition will be construed to be limited to medications that do not implicate [Alonso's] significant liberty interests." *Daniels*, 541 F.3d at 926; *see also Cope*, 527 F.3d at 954–55.

**AFFIRMED IN PART, VACATED IN PART, AND REMANDED IN PART.**