**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   20-10352 |
| Plaintiff-Appellee, | D.C. No. 2:08-cr-01442-MHB-4 |
| v. | |
| ARTURO RODRIGUEZ-RIOS, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Susan R. Bolton, District Judge, Presiding

Submitted August 10, 2021[**]
San Francisco, California

Before:  SILER,[***] CHRISTEN, and FORREST, Circuit Judges.

Appellant Arturo Rodriguez-Rios appeals his sentences for Conspiracy to

Commit Hostage Taking in violation of 18 U.S.C. § 1203; Hostage Taking in

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Eugene E. Siler, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

violation of 18 U.S.C. § 1203; and Harboring Illegal Aliens for Financial Gain in violation of 8 U.S.C. § 1324(a)(1)(A)(iii), (a)(1)(B)(i), and 18 U.S.C. § 2. He argues that the district court erred by proceeding with resentencing by video-teleconference because Rodriguez-Rios did not consult with counsel prior to giving his consent as required by the Coronavirus Aid, Relief, and Economic Security (CARES) Act, Pub. L. No. 116-136, § 15002(b)(4), 134 Stat. 281, 529 (2020). Rodriguez-Rios also argues that the district court failed to make a sufficient finding that delaying sentencing would pose "serious harm to the interests of justice." *Id.* § 15002(b)(2)(a). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

1. The government argues that Rodriguez-Rios affirmatively consented to being sentenced by video, did not object to the district court's findings, and therefore invited the court's error, if there was one, or waived the error. "The doctrine of invited error prevents a defendant from complaining of an error that was his own fault." *United States v. Myers*, 804 F.3d 1246, 1254 (9th Cir. 2015) (citation omitted). "[A] failure to object or an uninformed representation to the court is not alone sufficient evidence of waiver. Rather, there must be evidence that the defendant was aware of the right he was relinquishing and relinquished it anyway." *United States v. Depue*, 912 F.3d 1227, 1233 (9th Cir. 2019) (en banc).

2

Here, there is insufficient evidence that Rodriguez-Rios knew he had a right to consult counsel before deciding whether to waive his physical presence at sentencing. *See id.* The government argues that the district court's minute entry put Rodriguez-Rios on notice of his right to consult with counsel, but the district court's minute entry did not expressly advise that Rodriguez-Rios had a right to consult counsel before deciding to waive his physical presence. Accordingly, the record does not establish that Rodriguez-Rios "affirmatively acted to relinquish a *known* right," *United States v. Perez*, 116 F.3d 840, 845 (9th Cir. 1997) (en banc) (emphasis added), and we review the district court's decision to proceed with sentencing by video for plain error, *United States v. Lindsey*, 634 F.3d 541, 555 (9th Cir. 2011).

2. To establish plain error, Rodriguez-Rios must show that: (1) there was an error; (2) the error is clear or obvious; (3) the error affected his substantial rights; and (4) the error seriously affected the fairness, integrity, or public reputation of judicial proceedings. *United States v. Johnson*, 979 F.3d 632, 636 (9th Cir. 2020).

Assuming the court erred by proceeding with resentencing by video, Rodriguez-Rios has not shown that the error affected his substantial rights. *See id.* He does not argue that if had he consulted with counsel, he would not have agreed to proceed by video, nor that the outcome of his resentencing would have been

3

different had he appeared in person.  Accordingly, Rodriguez-Rios has not borne his burden to show the error affected his substantial rights.  *See United States v. Olano*, 507 U.S. 725, 734 (1993).

Rodriguez-Rios also has not established that the asserted error seriously affected the fairness, integrity, or public reputation of judicial proceedings.  *See Johnson*, 979 F.3d at 636.  The district court went forward with resentencing because Rodriguez-Rios had been transported to Arizona, away from the BOP programming at the facility where he had been serving his original sentence.  The goal of proceeding by video was to allow Rodriguez-Rios to resume participating in BOP programming as soon as possible.  The district court directed counsel to consult Rodriguez-Rios about proceeding by video, explained Rodriguez-Rios's right to appear in person, solicited Rodriguez-Rios's unambiguous knowing consent to proceed by video, and imposed a below-guideline sentence.  On this record, any error did not undermine the fairness, integrity, or public reputation of Rodriguez-Rios's resentencing hearing.  *See id*.

**AFFIRMED.**