**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 22 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 20-50005 |
| Plaintiff-Appellee, | D.C. No. 2:17-cr-00692-SVW-1 |
| v. | |
| ROBBIE CATCHINGS, AKA Robert Brown, AKA Robbie Catching, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Submitted December 8, 2021[**]
Pasadena, California

Before: W. FLETCHER, RAWLINSON, and OWENS, Circuit Judges.

Robbie Catchings appeals from his jury conviction and forty-six month

sentence for being a felon in possession of a firearm and ammunition, in violation

of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Because the parties are familiar with the

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

facts, we do not recount them here. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742. We affirm in part, vacate in part, and remand.

1.      Catchings argues his conviction must be overturned under *Rehaif v. United States*, 139 S. Ct. 2191, 2194 (2019), which requires that the Government "show that the defendant knew he possessed a firearm and also that he knew he had the relevant status [under 18 U.S.C. § 922(g)] when he possessed it" to convict a person for violating 18 U.S.C. § 924(a). It is undisputed that the jury was not instructed that it had to find, and the Government was not required to prove, that Catchings knew his prohibited status as a felon at the time of the offense. "A jury instruction that omits an element of the offense is reviewed for plain error if the defendant failed to object in the district court." *United States v. Johnson*, 979 F.3d 632, 636 (9th Cir. 2020); *Greer v. United States*, 141 S. Ct. 2090, 2096-97 (2021) (applying plain error review to an unpreserved *Rehaif* claim).

The Supreme Court's recent decision in *Greer* forecloses relief because Catchings did not meet the requirements of plain error review. To establish plain error, the defendant "must show that (1) there was an error, (2) the error is clear or obvious, (3) the error affected his substantial rights, and (4) the error seriously affected the fairness, integrity, or public reputation of judicial proceedings." *Johnson*, 979 F.3d at 636. The third prong requires that Catchings show "a reasonable probability that, but for the error, the outcome of the proceeding would

2

have been different." *Greer*, 141 S. Ct. at 2096 (citation omitted). Because Catchings did not make any "argument or representation on appeal that he would have presented evidence at trial that he did not in fact know he was a felon," *id*. at 2100, Catchings failed to show a reasonable probability that the jury decision would be different and therefore he is not entitled to relief.

To the extent that Catchings did not waive his claim about the deficiency of the indictment, he does not show failure to include knowledge-of-status in the indictment was plain error. Knowledge-of-status is not an "[i]mplied, necessary element[] not present in the statutory language" of 18 U.S.C. § 922(g), *United States v. Du Bo*, 186 F.3d 1177, 1179 (9th Cir. 1999) (citation omitted), but rather "the ordinary presumption in favor of scienter," *Rehaif*, 139 S. Ct. at 2195. Failure to include knowledge-of-status in the indictment does not require reversal because it was a minor deficiency that did not prejudice Catchings, given his substantial felony history, stipulation to his convictions at trial, and admission under oath of his awareness of his felon status. *See United States v. James*, 980 F.2d 1314, 1316 (9th Cir. 1992).

2.      Reviewing de novo the denial of Catchings' motion for acquittal, we hold that the Government presented sufficient evidence for a rational juror to find beyond a reasonable doubt that Catchings knowingly possessed a firearm. *See United States v. Niebla-Torres*, 847 F.3d 1049, 1054 (9th Cir. 2017).

The possession element of 18 U.S.C. § 922(g) crimes may be established by showing constructive possession, *United States v. Carrasco*, 257 F.3d 1045, 1049 (9th Cir. 2001), which requires demonstrating "a sufficient connection between" Catchings and the weapon "to support the inference that [he] exercised dominion and control" over the gun, *United States v. Terry*, 911 F.2d 272, 278 (9th Cir. 1990) (citations omitted). The Government presented evidence showing that Catchings' DNA was on the gun, the weapon was wedged into the seat Catchings occupied in the truck he was driving, and the arresting officer saw Catchings move in a way that suggested he put something behind his back. Together, this evidence establishes a "sufficient connection" between Catchings and the weapon. *See id*.

Viewing the evidence in the light most favorable to the Government, *Niebla-Torres*, 847 F.3d at 1054, a jury could reasonably infer that Catchings exercised dominion and control over the gun and thus knowingly possessed a firearm in violation of §§ 922(g)(1) and 924(a)(2).

3. Finally, the parties correctly agree that one condition of supervised release imposed by the district court, Standard Condition 14, is unconstitutional. *United States v. Magdirila*, 962 F.3d 1152, 1158-59 (9th Cir. 2020). We therefore vacate and remand Standard Condition 14 and "leave it for the district court on remand to craft a [proper] supervised release condition." *Id*. at 1159.

**AFFIRMED IN PART, VACATED IN PART, AND REMANDED.**