NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAR 18 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

BOBBY DEWAYNE THOMPSON II,

Defendant-Appellant.

No.    21-35237

D.C. No.
4:16-cr-00009-RRB-1

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Alaska
Ralph R. Beistline, District Judge, Presiding

Argued and Submitted March 7, 2022
Seattle, Washington

Before:  NGUYEN, MILLER, and BUMATAY, Circuit Judges.

At a traffic stop on March 22, 2016, police officers discovered a revolver

under Bobby Thompson's seat. A grand jury subsequently indicted Thompson on

one count of illegally possessing a firearm as a felon "on or about March 22,

2016." During trial, the government introduced pictures taken on March 20, 2016,

showing Thompson with a revolver matching the gun found under his seat on

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

March 22. Thompson argued to the jury that it should focus on whether he possessed the gun on March 22, not March 20. After retiring to deliberate, the jury asked whether it could convict Thompson based on the pictures from March 20 and without considering evidence from March 22. The court responded that "[t]he law does not provide a specific definition of the term 'on or about'" and instructed the jury to "decide [the question] based on [its] understanding of the language used." The jury found Thompson guilty.

Thompson appealed his conviction, and we affirmed. *United States v. Thompson*, 743 F. App'x 72, 75 (9th Cir. 2018). Specifically, we held that no fatal variance occurred because the evidence establishing Thompson's possession of the gun on March 22 was "overwhelming," so Thompson had not demonstrated that he was convicted of possessing the gun on March 20. *Id.* Thompson then petitioned for relief under 28 U.S.C. § 2255, which the district court denied. Thompson now appeals from that denial. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. Thompson argues that the district court's instructions created a variance and constructive amendment of the indictment because they permitted the jury to convict him for possessing a gun on March 20. Because Thompson did not object below, he must show that the instructions amounted to plain error. *See United States v. Cotton*, 535 U.S. 625, 631–33 (2002). Under plain-error review,

2

reversal is warranted only if, among other requirements, "the error seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." *Id.* at 631–32 (quoting *Johnson v. United States*, 520 U.S. 461, 467 (1997)). To satisfy this requirement, "a defendant must offer a plausible basis for concluding that an error-free retrial might end more favorably." *United States v. Johnson*, 979 F.3d 632, 637 (9th Cir. 2020). "[I]f the hypothetical retrial is certain to end in the same way as the first one," the court will not exercise its discretion to correct the error. *Id.* at 637–38 (This prong "is designed, in part, to weed out cases in which correction of an unpreserved error would ultimately have no effect on the judgment.").

Thompson's claims fail from the outset because the law-of-the-case doctrine precludes us from reexamining our previous decision that no fatal variance occurred. *See United States v. Jingles*, 702 F.3d 494, 499 (9th Cir. 2012). If a court determines that a prior panel "actually decided [the] issue, either explicitly or by necessary implication," then it may decline to apply the doctrine only if the decision is "clearly erroneous" or other exceptions not at issue here are met. *Id.* at 500, 503 (quotation marks and citations omitted).

The previous panel "explicitly" rejected Thompson's variance claim and, in so doing, rejected his constructive-amendment claim "by necessary implication." *See Jingles*, 702 F.3d at 499–500 (quotation marks and citation omitted).

Thompson acknowledges that the panel explicitly rejected a variance claim, and the panel's determination that "there was overwhelming evidence that Thompson did possess the pistol on March 22," *Thompson*, 743 F. App'x at 75, necessarily requires rejection of a constructive-amendment claim as well. Because the evidence that Thompson possessed the gun on March 22 was "overwhelming," he cannot show that a new trial with an instruction directing the jury to look only at the March 22 conduct "might end more favorably." *See Johnson*, 979 F.3d at 637.

The previous panel's finding is not clearly erroneous; to the contrary, there is strong evidence supporting it. *See Anderson v. Bessemer City*, 470 U.S. 564, 573–74 (1985) (explaining that a factual determination is not clearly erroneous if it "is plausible in light of the record viewed in its entirety"). Most notably, "the pistol was discovered under Thompson's car seat." *Thompson*, 743 F. App'x at 75. Additionally, the pictures of Thompson posing with the gun on March 20 support the court's conclusion that the gun under the seat was his and render incredible his exculpatory claim that he did not "mess with" guns. Because the court's account of the evidence is plausible, we do not disturb our previous denial of Thompson's variance and constructive-amendment claims.

2. To establish ineffective assistance of counsel, a party must show that his "counsel's performance was deficient" and that "he was prejudiced by counsel's deficient performance, i.e., that 'there is a reasonable probability that,

4

but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Babbitt v. Calderon*, 151 F.3d 1170, 1173 (9th Cir. 1998) (quoting *Strickland v. Washington*, 466 U.S. 668, 694 (1984)).

Neither Thompson's trial counsel nor his appellate counsel rendered ineffective assistance. First, Thompson argues that his trial counsel "relieved the government of its burden" in conceding that the pictures showed Thompson possessing a gun on March 20. While counsel is necessarily ineffective when he "entirely fails to subject the prosecution's case to meaningful adversarial testing," *United States v. Cronic*, 466 U.S. 648, 659 (1984), "conceding weaknesses . . . in an attempt to shift the jury's focus" is a "reasonable defense strategy," *United States v. Fredman*, 390 F.3d 1153, 1156 (9th Cir. 2004); *see Yarborough v. Gentry*, 540 U.S. 1, 9–11 (2003) (per curiam). Because the jury was charged with determining the meaning of "on or about March 22," and Thompson's counsel repeatedly argued that the phrase did not include March 20, counsel did not "entirely fail" to test the prosecution's case. *See Cronic*, 466 U.S. at 659. Rather, in admitting what the pictures did in fact show, Thompson's counsel conceded an obvious weakness "in an attempt to shift the jury's focus" to March 22. *See Fredman*, 390 F.3d at 1156. Considering the evidence against his client, this was not deficient representation.

Second, Thompson argues that his counsel rendered ineffective assistance in

not objecting to the court's response to the jury's question. Even if counsel's multiple, successful objections to various proposed responses, constituted deficient performance, Thompson cannot show prejudice. The evidence showing possession on March 22—the date that Thompson argues the jury should have considered— was "overwhelming," *Thompson*, 743 F. App'x at 75, so there is no "reasonable probability" that different instructions would have resulted in acquittal, *see Babbitt*, 151 F.3d at 1173 (citation omitted).

Finally, Thompson argues that his appellate counsel rendered ineffective assistance in failing to state in his brief or at argument that trial counsel had conceded possession on March 20. But Thompson cannot show "a reasonable probability" that he would have succeeded on his variance claim if his counsel had directed the court's attention to the concession. *See Babbitt*, 151 F.3d at 1173 (citation omitted). Even had the court been convinced that the jury convicted Thompson for possessing a gun on March 20—the only issue to which the concession is relevant—the court held that no fatal variance occurred because of, among other things, the "overwhelming evidence" that Thompson possessed the gun on March 22. Additional citations to the record, which the court had before it, would not have altered its conclusion that Thompson's variance claim failed on plain-error review.

**AFFIRMED.**

6