NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

APR 3 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

WAFA HIRZALLA MURAD,

Defendant-Appellant.

No.    23-50026

D.C. No.
3:21-cr-02701-TWR-1

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
Todd W. Robinson, District Judge, Presiding

Argued and Submitted March 7, 2024
Pasadena, California

Before:  H.A. THOMAS and DESAI, Circuit Judges, and MÁRQUEZ,[**] District Judge.

A jury convicted Wafa Hirzalla Murad of bringing into the United States an alien for financial gain and unlawfully bringing in an alien without presentation, in violation of 8 U.S.C. § 1324(a)(2)(B)(ii) and (iii). Murad appeals the district court's

_____

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Rosemary Márquez, United States District Judge for the District of Arizona, sitting by designation.

admission of a material witness's videotaped deposition testimony and the district court's exclusion as hearsay of a third-party's written confession. We have jurisdiction under 28 U.S.C. § 1291. We vacate Murad's conviction and remand for a new trial.

We review the district court's admission of the videotaped deposition testimony for plain error because Murad did not object before the district court. *See United States v. Matus-Zayas*, 655 F.3d 1092, 1098 (9th Cir. 2011). To establish plain error, a defendant must show (1) error, (2) that is "clear or obvious," (3) affected the defendant's substantial rights, and (4) "seriously affected the fairness, integrity, or public reputation of judicial proceedings." *United States v. Johnson*, 979 F.3d 632, 636 (9th Cir. 2020).

The Sixth Amendment's Confrontation Clause "guarantees an accused the right to be confronted with the witnesses against him." *Matus-Zayas*, 655 F.3d at 1101. "Testimonial statements of witnesses absent from trial have been admitted only where the declarant is unavailable, and only where the defendant has had the prior opportunity to cross-examine." *Id.* "[E]ven absent an objection by the defendant," the government must "provide evidence at trial demonstrating the witness's unavailability as a predicate to the admission of" a material witness's videotaped deposition testimony. *Id.* at 1102. "A witness is considered unavailable for purposes of the Confrontation Clause if the prosecutorial authorities have made

2

a good-faith effort to obtain his presence at trial." *Id.* at 1101 (quoting *Forn v. Hornung*, 343 F.3d 990, 995 n.3 (9th Cir. 2003), *as amended* (Sept. 24, 2003)).

Here, the district court clearly erred in admitting the material witness's deposition testimony because the government failed to present any evidence establishing the witness's unavailability, and the district court did not make an unavailability finding. *See Matus-Zayas*, 655 F.3d at 1102. The error affected Murad's substantial Confrontation Clause rights and seriously affected the fairness of the proceedings. *Id.* at 1102–03. The deposition testimony constituted the only evidence proving certain elements of the offenses, and Murad asserts the testimony would not have been admitted had she objected at trial. There are indications in the record that the material witness was available, including the witness's promise under oath to return for trial, the availability of travel documents authorizing return, and the lack of any indication that the witness had lost contact with his attorney. Furthermore, the record does not indicate the government could have established a good-faith effort to obtain the witness's presence at trial had Murad objected. Accordingly, Murad satisfies all four requirements of the plain error standard.

Because remand for a new trial is required due to plain error in admitting the videotaped deposition testimony, we do not reach other issues raised in this appeal.

**VACATED and REMANDED.**