NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAY 27 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>   Plaintiff - Appellee,<br><br> v.<br><br>JULIEN ALCANTAR CASTRO,<br><br>   Defendant - Appellant. | No. 24-2186<br><br>D.C. No.<br>2:22-cr-00189-GMN-DJA-1<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Gloria Navarro, District Judge, Presiding

Argued and Submitted May 14, 2025
San Francisco, California

Before: S.R. THOMAS, M. SMITH, and BRESS, Circuit Judges.

Defendant Julien Castro pled guilty to one count of possessing a firearm by a

convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8). The district

court subsequently sentenced Castro to a 51-month sentence after applying a four-

level enhancement for possessing the firearm in connection with another felony

offense and denying Castro his requested reduction for acceptance of

---

 [*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

responsibility. On appeal, Castro challenges the imposition of the enhancement, the denial of the reduction, and the decision to impose a sentence that was at the high end of the recommended Guidelines range despite his mitigating arguments. We have jurisdiction under 18 U.S.C. § 3742 and 28 U.S.C. § 1291, and we affirm.

1. Castro first challenges the district court's decision to apply a four-level enhancement for possessing a firearm in connection with another felony offense—in this case, pandering—pursuant to United States Sentencing Guidelines (U.S.S.G.) § 2K2.1(b)(6)(B). "[W]e review the district court's identification of the applicable provisions [of the Guidelines] de novo, factual findings for clear error, and application of those Guidelines to the facts in the case for abuse of discretion." *United States v. Kurns*, 129 F.4th 589, 594 (9th Cir. 2025). We are satisfied that the district court correctly applied the Guidelines and that its factual findings were not clearly erroneous. The statements made by Castro's girlfriend on June 9 and June 10, 2022, and the recorded conversation with the undercover officer on June 16, 2022, were circumstances that the district court was permitted to consider under U.S.S.G. § 1B1.3(a) when determining whether Castro possessed the gun in connection with pandering. *See United States v. Parlor*, 2 F.4th 807, 815–16 (9th Cir. 2021). Moreover, the district court did not abuse its discretion in concluding that U.S.S.G. § 2K2.1(b)(6)(B) applied because Castro possessed the gun with the "firm intent" to use it to continue pandering in the future, *United States v. Noster*,

2 24-6

590 F.3d 624, 635 (9th Cir. 2009), *as amended* (Dec. 28, 2009), given his girlfriend's statements, his admissions to the undercover officer, and the handwritten instructions on how to recruit women to work as prostitutes found in his apartment at the same time the gun was found in his car.

2. Castro next challenges the district court's denial of a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a). A district court's decision not to award this reduction is "entitled to great deference." *United States v. Rojas-Pedroza*, 716 F.3d 1253, 1271 (9th Cir. 2013) (cleaned up) (quoting U.S.S.G. § 3E1.1 cmt. n.5), *overruled on other grounds by United States v. Portillo-Gonzalez*, 80 F.4th 910, 917–18 (9th Cir. 2023). The district court specifically found "frivolous" Castro's argument that he was not continuing to pander at the time he possessed the gun. Given the evidence in the record that Castro was engaged in ongoing pandering conduct, we do not disturb the district court's decision. *See id.* Notably, the district court did not deny Castro the two-level reduction for making a legal challenge to the U.S.S.G. § 2K2.1(b)(6)(B) enhancement, but rather because the court found Castro's factual objections to be particularly without basis.

3. We review the district court's use of the wrong edition of the Guidelines for plain error because Castro failed to object below. *See United States v. Chea*, 231 F.3d 531, 535 (9th Cir. 2000). To establish plain error, Castro "must show

3

that (1) there was an error, (2) the error is clear or obvious, (3) the error affected his substantial rights, and (4) the error seriously affected the fairness, integrity, or public reputation of judicial proceedings." *United States v. Johnson*, 979 F.3d 632, 636 (9th Cir. 2020). In this case, because the district court did not clearly err by refusing to apply the two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a), Castro was not eligible for the reduction of an additional level under U.S.S.G. § 3E1.1(b). Therefore, even though the district court applied the wrong version of the Guidelines and did not consider the effect of a 2023 amendment clarifying the application of the one-level reduction, the requirements for reversal under plain error review are not met because Castro cannot show that this error affected his "substantial rights." *See United States v. Depue*, 912 F.3d 1227, 1234–35 (9th Cir. 2019) (en banc). His Guidelines range would be the same whether or not the district court considered the 2023 amendment.

4. Finally, the district court did not impose a procedurally erroneous or substantively unreasonable sentence. Although the district court's explanation for its sentence was limited, it clearly indicated that it understood Castro's mitigating arguments because it noted that those arguments "shed light" on his treatment of women. Then, imposing a high-end sentence, the district court relied on Castro's knowledge that he could not legally possess a gun and its determination that Castro's treatment of women was "not acceptable." In this case, no more

4                                                                    24-6

explanation of the 18 U.S.C. § 3553(a) factors was required. *See Rita v. United States*, 551 U.S. 338, 356–59 (2007). Moreover, while Castro may disagree with the weight the district court gave to Castro's history and rehabilitation, its decision does not provide our court with "a definite and firm conviction that the district court committed a clear error of judgment," as is required to vacate a sentence on the ground that it was substantively unreasonable. *United States v. Ressam*, 679 F.3d 1069, 1087 (9th Cir. 2012) (en banc) (quoting *United States v. Amezcua-Vasquez*, 567 F.3d 1050, 1055 (9th Cir. 2009)).

**AFFIRMED.**[1]

---

[1] Castro's motion for judicial notice, Dkt. 28, is granted.